### Forrest Kneedler, Appellee, v. Bankers' Accident Association of Illinois, Appellant.

1. INSURANCE, § 704*—*when judgment based on stipulation sustained by the record.* A judgment for plaintiff in an action for accident insurance based on a stipulation of facts, *held* supported by facts appearing in the record, though the policy was not included in the stipulation or introduced in evidence.

2. INSURANCE, § 704*—*when Appellate Court will not assume that act in which insured was engaged was unlawful.* On appeal from a judgment allowing recovery on an accident policy where the case was tried on a stipulation of facts that the insured was engaged in cockfighting at the time of the injury, the Appellate Court cannot assume that cockfighting was unlawful where the stipulation and the evidence failed to disclose whether the act took place in this State.

3. INSURANCE, § 667*—*when stipulation insufficient to show unlawful act caused the injury.* Where it was stipulated in an action for accident insurance that plaintiff was engaged in cockfighting at the time of the injury, *held* that even if the act was unlawful the stipulation did not so connect the injury with the act of cockfighting as to show that the unlawful act was the agency which brought about the injury.

4. INSURANCE, § 408*—*when injury while engaged in unlawful act does not preclude recovery.* The mere fact that a person insured against accidental injury received such injury while engaged in the commission of an unlawful act does not necessarily preclude him from recovering on the policy.

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

SILAS COOK and KRAMER, KRAMER & CAMPBELL, for appellant.

WILLIAM F. BORDERS, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Forrest Kneedler, appellee, brought suit before a justice of the peace against Bankers' Accident Asso-

*See Illinois Notes Digest, Vols. I to XV, and Cumulative Quarterly, same topic and section number.

ciation of Illinois, appellant, and recovered a judgment, from which an appeal was taken to the Circuit Court where a jury was waived and trial had before the court, upon the following stipulation:

"It is hereby stipulated by and between the parties in the above entitled cause, as follows: It is agreed that a policy of insurance No. 2317, in the defendant company was issued to the plaintiff under date of January 16th, 1911, and that all premiums due thereon, have been paid and were paid at the date of injury, to wit, June 15th, 1912.

It is further stipulated that an accidental injury was received by the plaintiff on or about June 15th, 1912. It is further stipulated that the plaintiff suffered material injury and substantial loss of time. It is further stipulated that the necessary proper proofs of loss within the necessary time were furnished to the defendant company. It is further stipulated that the plaintiff at the time of injury above referred to was engaged in and assisting in cockfighting. It is further stipulated that if any judgment is rendered in this case in favor of plaintiff, the judgment shall be for the sum of $86.78.

It is further stipulated that the above matters are agreed upon for the purpose of shortening the case, and that said cause is to be tried upon the agreed state of facts hereinabove set forth."

Judgment was recovered by the appellee in the Circuit Court for $86.78, the amount agreed upon in the stipulation as the amount due if appellee should be found entitled to recover.

On this appeal the sole question raised in appellant's argument is that there was no fact appearing in the record sufficient to support the judgment, because the policy was not included in the stipulation or introduced in evidence. The fair interpretation of the stipulation is that on June 15, 1912, appellee held a policy of insurance in Bankers' Accident Association of Illinois on which all premiums were fully paid; that on said

day he was accidentally injured and thereby suffered material injury and substantial loss of time; that he made proper proofs of loss in due time; that his damages amounted to $86.78, and that the injury was received by him while engaged in assisting in cockfighting. We do not agree with counsel for appellant that it was necessary the policy of insurance should be introduced in evidence or set forth in stipulation to entitle appellee to recover. It is argued by appellant that from aught that appears in the stipulation, which contains all the proofs, the policy sued on might have been a fire insurance policy. This argument does not appear to us to be reasonable or well founded, as the stipulation shows that appellee held a policy of insurance issued by appellant; that he received an accidental injury and that proper proof of loss was furnished appellant within the required time. We think the irrefutable inference from the stipulation is that appellee was insured by appellant not against loss to property by fire, but against accidental injury, and that proper proof of loss could only be made in case of accidental injury under a policy covering accidental injuries which might be received by appellee. That the injury was a personal one is also evidenced by the statement of the stipulation that the same was received while appellee was engaged in and assisting in cockfighting. Whether the cockfighting took place in the State of Illinois or not the stipulation fails to disclose, and in the absence of proof upon the subject it cannot be assumed by this court that the act was unlawful where committed. But even if it were shown that the cockfighting occurred within this State, the stipulation does not so connect the injury with the act of engaging in cockfighting as to show that the unlawful act was the agency which brought about the injury. We have held that the mere fact that a person insured against accidental injury received such an injury while in the commission of an unlawful act does not necessarily

preclude him from recovering on his policy against the company issuing the same. *Hutton v. States Acc. Ins. Co.*, 186 Ill. App. 499.

The judgment of the trial court in this case will be affirmed.

*Affirmed.*