that the word has a special meaning among architects and material men which is different from the ordinary well-understood meaning of the word itself.

Nor do we think there was any error in permitting the plaintiff's witnesses to testify to admissions made by the architect after the November letters were written. No payment had been made up to that time, and Pray was still acting as appellant's agent. We think the evidence was admissible as part of the *res gestae.*

The contention that the court erred in refusing to permit alleged impeaching evidence to be introduced is also without merit. The witnesses who were sought to be impeached admitted that they had testified upon the former trial as was claimed, and there was therefore nothing to impeach. Moreover, the form in which the impeaching questions were put to the stenographers who reported the former trial was clearly improper.

As to the alleged error in admitting a copy of the letter of November 11, 1911, the objection that no notice to produce the original had been shown, was not made at the time, and cannot be made here for the first time.

Finding no reversible error in the record, the judgment of the Municipal Court will be affirmed.

*Affirmed.*

---

### George H. Fischer, Appellee, v. Midland Casualty Company, Appellant.

### Gen. No. 19,959.        (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed November 19, 1914.

## Statement of the Case.

Action by George H. Fischer against Midland Casualty Company on an accident insurance policy issued by the defendant. To reverse a judgment in favor of plaintiff, defendant appeals.

The policy insured George H. Fischer, Jr., the son of plaintiff, against death by accident, and was made payable to plaintiff. While the policy was in force, the insured was accidently killed by a collision between two motorcycles, one of which he was riding, at the intersection of 116th street and Stewart avenue, in Chicago. At the time the deceased was approaching this intersection from the west, a man named Efting, also on a motorcycle, was approaching it from the north on the west side of Stewart avenue. Efting did not see Fischer coming until they were within twenty feet of each other. He turned his motorcycle east to avoid a collision, but Fischer's motorcycle ran directly into Efting's, and both riders were thrown to the ground. Fischer struck his head on a curbstone and received injuries from which he died.

The policy provides that in case of the death of the insured by accident, three hundred dollars shall be paid to plaintiff, except that in the event of injury, fatal or otherwise, "resulting, directly or indirectly, * * * from exposure to obvious risk of injury or known danger, * * * or while violating law, * * * the limit of the Company's liability shall be one-fifth of the amount that would be otherwise payable under this policy."

Defendant filed a special plea setting up these provisions of the policy as a defense to all but sixty dollars of the amount claimed, alleging that at the time the insured received the injuries resulting in his death he was exposing himself to "obvious risk of injury or known danger," and was also "violating law," in this, that he was the owner of the motorcycle that he was riding at the time of the accident, and was

then driving the same at an unlawful rate of speed and without having procured from the Secretary of State any certificate of registration, or number, or number plate, as required by law.

McKenzie Cleland, for appellant.

John C. Trainor, for appellee.

Mr. Presiding Justice Fitch delivered the opinion of the court.

## Abstract of the Decision.

1. Insurance, § 408*—*effect of provision in policy limiting liability when injury results while violating law.* A clause in an accident insurance policy limiting liability in case of injury or death "resulting, directly or indirectly, * * * from exposure to obvious risk of injury or known danger, * * * or while violating law," *held* to apply only when the injury results from the causes named and not to limit liability where the insured was killed in a collision between a motorcycle which he was riding and another motorcycle, though he had not procured a registration certificate or license number as required by law.

2. Insurance, § 12*—*rule as to construction of policy.* Clauses in an insurance policy must be given a reasonable construction, and any uncertainty in the language employed must be construed most strongly against the insurance company.

3. Trial, § 124*—*when improper statements of counsel prejudicial.* In an action on an insurance policy, a statement made by plaintiff's counsel in his argument to the jury, unsupported by the evidence, that plaintiff was a member of a union, and a statement characterizing insurance companies generally: "That is the game, gentlemen—That is the game they all play. Beat it," *held* reversible error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.