ROBERT J. TOWNSEND, as Administrator of the Estate of JAMES T. TOWNSEND, Deceased, Appellant, v. THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Respondent.

Insurance — death from septic poisoning arising from use of hypodermic needle — action on policy of accident insurance — nonsuit, on ground that possession of needle was unlawful and without unlawful possession result could not have followed, erroneous — insured not guilty of negligence as matter of law.

1. Plaintiff's intestate died as a result of septic poisoning following the use of a hypodermic needle. In an action to recover upon a policy insuring him against death, " the direct and approximate result of and which is caused solely and exclusively by external, violent and accidental means," the trial court granted a motion for a nonsuit on the ground that possession by intestate of the hypodermic needle without a certificate of a physician was a misdemeanor under article 11a of the Public Health Law, as it then existed, and without the unlawful possession of the instrument the result could not have followed. *Held*, error; that the death of the insured was not due to an unlawful possession of the hypodermic needle; that under the facts the conclusion is inevitable that had the insured been lawfully in possession of the needle his death would have resulted from septic poison due to unsterile condition of the needle or of his skin or body. The absence of a certificate was not the cause of the accident. The injury would have resulted had a certificate or license been in possession of the insured.

2. Proof that the death of the insured was caused by his possession and use of the hypodermic needle does not establish negligence as matter of law and prevent a recovery by reason of a provision of the policy that it does not extend to or cover injuries or death caused by negligence of the insured. The Health Law was not intended to provide protection to insurance companies, but to prevent the *constant* use of any habit-forming drug and to protect " habitual drug users." It does not provide that the use of a hypodermic needle is a crime; therefore, it cannot be said as matter of law that the insured was guilty of negligence. (*Amberg* v. *Kinley*, 214 N. Y. 531, distinguished.)

*Townsend* v. *Comc'l Travelers Mut. A . Assn.*, 188 App. Div. 370, reversed.

(Submitted March 14, 1921; decided May 3, 1921.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 7, 1919, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

*Henry J. Crawford* for appellant. Mr. Townsend's death was caused by external, violent and accidental means within the meaning of the policy. (*Bailey* v. *Interstate Casualty Co.,* 8 App. Div. 127; 158 N. Y. 723; *Marchi* v. *Ætna Life Ins. Co.,* 140 App. Div. 901; 205 N. Y. 606; *Lewis* v. *Ocean A. & G. Corp.,* 224 N. Y. 18; *Hodgson* v. *Ins. Co.,* 100 Misc. Rep. 155; *Pledger* v. *Ins. Co.,* 198 S. W. Rep. 810.) Possession of the hypodermic needle by Mr. Townsend in violation of the Health Law, if a fact, is not a defense to this action. (*Fischer* v. *Midland Casualty Co.,* 189 Ill. App. 486; *Matthes* v. *I. A. Ins. Co.,* 110 Iowa, 222; *Messersmith* v. *Am. Fidelity Co.,* 187 App. Div. 35; *Fluker* v. *Ziegele Brewing Co.,* 201 N. Y. 43; *Knupple* v. *Knickerbocker Ice Co.,* 84 N. Y. 488; *Platz* v. *City of Cohoes,* 89 N. Y. 219; *Connolly* v. *Knickerbocker Ice Co.,* 114 N. Y. 108.)

*P. C. Dugan* for respondent. The plaintiff failed to prove the death of his intestate was caused solely and exclusively by external, violent and accidental means. (*Whitlatch* v. *Fidelity Cas. Co.,* 149 N. Y. 45; *Carroll* v. *F. & C. Co.,* 143 Fed. Rep. 271; *Maryland Cas. Co.* v. *Spitz,* 246 Fed. Rep. 817; *Appel* v. *Ætna L. Ins. Co.,* 86 App. Div. 83; 180 N. Y. 514; *Southard* v. *Railway Passengers Assur. Co.,* 34 Conn. 574; *Feder* v. *Iowa S. T. M. A.,* 107 Iowa, 538.) It was a crime to possess and use the needle; and the insured was chargeable with negligence as a matter of law. (*Amberg* v. *Kinley,* 214 N. Y. 531; *People ex rel. Price* v. *Sheffield Farms-S. D. Co.,* 180 App. Div. 615; *People* v. *Werner,* 174 N. Y. 132; *Jefferson* v. *People,* 101 N. Y. 19; *People* v. *Crotty,*

22 App. Div. 77; *People ·v. Clark,* 61 App. Div. 500; *Matter of Lyman,* 28 App. Div. 127; *Marino v. Lehmaier,* 173 N. Y. 535.) It will not be presumed the parties to the contract contemplated it should cover injuries or death suffered as the result of a crime committed by the insured. In fact such a contract would not be enforcible. (*Sirkin v. Fourteenth Street Store,* 124 App. Div. 384; *Hatch v. Mut. Life Ins. Co.,* 120 Mass. 550; *Ritter v. Mut. Life Ins. Co.,* 169 U. S. 139; *Whitely v. Terry,* 83 App. Div. 197; *Doucet v. Mass. B. & Ins. Co.,* 180 App. Div. 600.)

Hogan, J. On June 14th, 1917, the defendant issued a policy of insurance wherein it undertook to pay the sum of five thousand dollars upon the death of the assured, James T. Townsend, " the direct and approximate result of and which is caused solely and exclusively by external, violent and accidental means." The assured died May 12th, 1918, and this action was brought to recover the amount of the indemnity provided for in the policy contract. At the close of plaintiff's case the plaintiff was nonsuited. The facts which the jury might. have found were as follows:

The assured, James T. Townsend, was a commercial traveler. He and his daughter, a young lady, resided in an apartment in the city of Albany. Mr. Townsend was a man of usually good health, the only previous illness from which he appears to have suffered being some trouble with boils two or three months before the incident which resulted in his death occurred and from which trouble he seems to have recovered.

On May 5th, 1918, the intestate returned to his home at Albany after a trip of about one week on the road. He appeared to have a bad cold or attack of the grippe, as his condition impressed his daughter, and when he retired that night he was restless and could not sleep.

The wife·of the insured had died about eighteen months

Townsend v. Comcl. Travelers Mut. Ac. Assn.   151

1921.]            Opinion, per Hogan, J.        [231 N. Y. 148]

previous; she had been ill for a considerable period of time with cancer and the physician who treated her had furnished the insured with a hypodermic needle with which the insured-was accustomed to administer morphine to his wife during her illness.   That needle he had in his possession at the apartment in which he resided.

About twelve o'clock at night he called his daughter, who was sleeping in a room separated from his room, and upon the daughter entering his room she found the insured with his arm exposed and the hypodermic needle in his hand.   Following his request she took the needle and inserted it in her father's arm.   There was witch-hazel in the room and hot water in an adjoining room. The daughter thereafter returned to her room and her father fell asleep and slept until nine o'clock in the morning.   At that time the daughter looked at her father's arm and discovered a swollen condition at the point where the needle had penetrated, and as the swelling continued to spread a doctor was called.   The intestate was shortly thereafter removed to a hospital, the swelling continued and Mr. Townsend one week later died, as a result of septic poisoning which as appeared by the medical testimony began almost immediately after the intro-duction of the needle in the arm of the insured due to the fact that either the needle or the skin was unsterile.

Various grounds for a nonsuit were urged by defend-ant's counsel at the close of plaintiff's case, and the motion for the nonsuit was finally granted by the trial justice on the ground that the possession by Mr. Town-send of the hypodermic needle without a certificate of a physician under article 11a of the Public Health Law (Cons. Laws, ch. 45), as it then existed, was a misde-meanor.   In granting the motion for a nonsuit the trial justice stated: "Without the unlawful possession of that instrument this result that you claim, could not have followed.   Viewing it as I do that no man can come into a court and plead and take advantage of a crime he has

committed, I am compelled to dismiss the complaint."
The plaintiff duly excepted thereto and made the usual
motion to go to the jury which was denied and exception
taken. The Appellate Division affirmed the judgment
below upon the ground on which the trial justice dismissed
the complaint and incidentally stated that under the lan-
guage of the policy " there must be not only external and
violent means but these must be accidental, and it is an
abuse of the word ' accidental ' to hold that it contem-
plates an act deliberately done by the insured or at his
direction constituting a crime."

Our conclusion is that the dismissal of the complaint
and the affirmance of the judgment of the Trial Term
was error.

The provision of the Health Law relied upon by the
trial justice is found under the article relating to the
habitual use of drugs. The evil sought to be provided
against by that law is apparent from the language of
section 249a which provides: " The *constant* use by any
person of any habit forming drug, except under the
direction and consent of a duly licensed physician, is
hereby declared to be dangerous to public health."
Section 249, relative to hypodermic needles, provides:
" It shall be unlawful for any person or persons, except a
licensed pharmacist, licensed druggist, licensed physician,
licensed dentist, licensed veterinarian, hospital or regular
dealer in medical or surgical supplies, to possess such
instrument, without having in their possession a certificate
from a physician." A violation of the provisions of the
law is a misdemeanor. (Section 249d.) The statute,
it will be observed, does not provide that the use of a
hypodermic needle is a crime.

We shall first consider the reasons assigned by the
trial justice in granting the motion of counsel for defend-
ant for a dismissal of the complaint. The justice held
that the insured was guilty of a crime in that he had in
his possession a hypodermic needle without a certificate

or permit provided by the Health Law. He then held: "Without the unlawful possession of that instrument (hypodermic needle) this result you claim (septic poison, due to an unsterile condition of the needle *or* the skin or body of the insured which resulted in death) could not have followed." Thus the justice in effect held that the proximate cause of the death of the insured was the unlawful possession by him of the hypodermic needle and such view is emphasized by the language "without" such possession the death of insured would not have resulted.

The death of the insured was not due to an unlawful possession of the hypodermic needle. The statute does not prohibit possession of such needles. It merely requires a certificate or license to possess the same. Under the facts of this case, the conclusion is inevitable that had the insured been lawfully in possession of the needle his death would have resulted from septic poison due to one of two causes, unsterile condition of the needle *or* of his skin or body. The argument that possession of the needle by the insured enabled him to use the same does not suffice to create a relation between the unlawful possession of the needle and the death of the insured. The absence of a certificate was not the cause of the accident. The injury would have resulted had a certificate or license been in possession of the insured. The evidence does not disclose that the needle was unsterile. The insured had been in possession of the needle for years, but such possession, however long continued, could not or did not cause septic poison which resulted in the death of the insured.

Unlike the policy in this case, policies of insurance which contained provisions for non-liability of the insurer to an insured who was injured or killed "while violating the law" "engaged in or in consequence of some unlawful act," etc., as well as other cases involving violation of law, have been considered by the courts, an examina-

154 Townsend v. Comcl. Travelers Mut. Ac. Assn.

[231 N. Y. 148]          Opinion, per Hogan, J.          [May,

tion of which lead to the conclusion I have reached. (*Bradley* v. *Mutual Benefit Life Ins. Co.*, 45 N. Y. 422; *Carroll* v. *S. I. R. R. Co.*, 58 N. Y. 126; *Platz* v. *City of Cohoes*, 89 N. Y. 219; *Hutton* v. *States Acct. Ins. Co.*, 186 Ill. App. 499; *Kneedler* v. *Bankers Ac. Assoc.*, 188 Ill. App. 293; *Fischer* v. *Midland Cas. Co.*, 189 Ill. App. 486; *Ins. Co.* v. *Bennett*, 90 Tenn. 256; *Jones* v. *U. S. Mut. Acct. Assoc.*, 92 Iowa, 652; *Prader* v. *Nat. M. Accident Assoc.*, 95 Iowa, 149; *Supreme Lodge K. P.* v. *Beck*, 181 U. S. 49; *Supreme Lodge K. P.* v. *Crenshaw*, 58 S. E. Rep. [Ga.] 629; *Phenix Ins. Co.* v. *Clay*, 101 Ga. 331; *Mechanics Ins. Co.* v. *Hoover Distilling Co.*, 182 Fed. Rep. 590.)

That the death of the insured was due to accidental means is too well settled by this court to require discussion. (*Bailey* v. *Inter-State Cas. Co.*, 8 App. Div. 127; affd., 158 N. Y. 723; *Marchi* v. *Ætna Life Ins. Co.*, 140 App. Div. 901; affd., 205 N. Y. 606; *Lewis* v. *Ocean Acct. & G. Corp.*, 224 N. Y. 18.)

Counsel for respondent contends that under a provision of the policy which provides that it shall not extend to or cover injuries or death caused by negligence of the insured nor by his voluntary exposure to unnecessary danger, that the proof on the part of the plaintiff established that the death of the insured was caused by his possession and use of the hypodermic needle and thus the proof established negligence on his part as matter of law and prevents a recovery. Reliance is placed upon the case of *Amberg* v. *Kinley* (214 N. Y. 531) as supporting his claim. I do not assent to the argument. In the case cited, we considered the liability of the owner of a factory to the representatives of an employee of such owner by reason of the death of such employee due to a failure on the part of the owner to furnish a fire escape upon such factory. There we held in substance that the Labor Law was enacted for the protection of laborers and employees in factories, the avocation of the deceased, and the failure of the owner to comply

with the statute for the protection of the employees therein was a violation of the statute and if such violation was the direct cause of the death of the employee the plaintiff was entitled to recover unless the defendant has affirmatively established that the negligence of the deceased contributed to the accident; that the failure of defendant to provide a fire escape was as matter of law negligence on his part.

The case at bar is not controlled by the principle of the *Amberg* case. The Health Law was not intended to provide protection to insurance companies. The purpose of the statute was to prevent the *constant* use of any habit forming drug and to protect " habitual drug users; " therefore, it cannot be said as matter of law that the insured was guilty of negligence. (*Kelley* v. *N. Y. State Railways*, 207 N. Y. 342; *DiCaprio* v. *N. Y. C. R. R. Co.*, 231 N. Y. 94.)

The judgment should be reversed and a new trial granted, costs in all courts to abide the event.

CHASE, CARDOZO, POUND, MCLAUGHLIN and CRANE, JJ., concur; HISCOCK, Ch. J., not voting.

Judgment reversed, etc.