RENA L. BARNSTEAD, Respondent, *v.* THE COMMERCIAL TRAVELERS' MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Appellant.

First Department, March 2, 1923.

Insurance — accident insurance — death followed administration of nitrous oxide gas by dentist at request of insured — death was caused by abnormal or diseased condition of insured — death not covered by policy — verdict of jury in favor of defendant should be reinstated though there were no disputed questions of fact to be submitted to jury.

An accident insurance policy insuring against death which is the direct and approximate result of and which is caused solely and exclusively by external, violent and accidental means, does not cover a death which occurred after a slight quantity of nitrous oxide gas had been administered to the insured at his request by a dentist, where it appears that there was no defect in the gas or any negligence or lack of skill in its administration and that death was due to an abnormal or diseased condition of the insured known as status lymphaticus.

It was error for the court to set aside the verdict of the jury in favor of the defendant. The verdict should be reinstated for, though there were no disputed questions of fact for the jury, they correctly answered the legal questions submitted to them by the court.

APPEAL by the defendant, The Commercial Travelers' Mutual Accident Association of America, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 3d day of April, 1922, setting aside a verdict in favor of the defendant on the ground that it was against the weight of evidence and granting a new trial.

*Stern, Barr & Tyler* [*Henry C. Moses* of counsel; *Eliphalet W. Tyler* with him on the brief], for the appellant.

*Seabury, Massey & Lowe* [*Mathias L. Connes* of counsel; *Albert Massey* with him on the brief], for the respondent.

PAGE, J.:

The facts in this case are undisputed. George C. Barnstead, the husband of the plaintiff, was insured by the defendant against any one of the bodily injuries in the policy set forth " which is the direct and approximate result of and which is caused solely

and exclusively by external, violent and accidental means in the following sums respectively * * * 1. For loss of life $5,000." Indemnity for loss of life was payable to the plaintiff.

George C. Barnstead went to a dentist to have a tooth extracted. The dentist administered nitrous oxide gas or, as it is commonly known, laughing gas. After a slight quantity had been administered Barnstead stopped breathing and died. An autopsy was had upon the body and it was discovered that there was a condition which is known as status lymphaticus, which was stated by one of the experts of the plaintiff to be a congenital state or condition, of unknown cause, characterized by an abnormal persistence of a gland in the chest which is known as the thymus gland. The experts differed as to whether this was a disease; but whether a disease or an abnormal condition, it was agreed that a person, the subject of it, was liable to sudden death from slight causes. What caused the death medical science has been unable to discover. The question presented is, whether a death following the administering of a concededly harmless gas, at the request of the insured, which produced death by reason of an abnormal or diseased condition, is, within the terms of the policy, a death " which is the direct and approximate result of and which is caused solely and exclusively by external violent and accidental means?"

In this case the death was not occasioned by any impurity or other defect in the gas or any negligence or lack of skill in its administration to the insured, nor was it inhaled accidentally but was intentionally administered at the request of the insured and voluntarily inhaled by him. The insured did what he fully intended to do, and it was done precisely as intended. There was nothing accidental in the means, but only in the result which was occasioned by the condition of the insured. (*Appel* v. *Ætna Life Ins. Co.*, 86 App. Div. 83, 87; affd., 180 N. Y. 514; *Fane* v. *Nat. Assn. of Railway Postal Clerks*, 197 App. Div. 145, 146, 149.)

This case is to be distinguished from *Townsend* v. *Commercial Travelers Mut. Accident Assn.* (231 N. Y. 148) in which the injury resulted from an infected needle, and *Lewis* v. *Ocean Accident & G. Corp.* (224 id. 18) from an infected pin, in this, that while the person had intended to use the instrument, he had not intended to use a poisoned instrument, and the injury was the direct and proximate cause of the poison on the instrument. The policy only insured against injuries which are the direct and approximate result and which are caused by accidental means.

I am of opinion, therefore, that, as a conclusion of law, the death of the insured was not covered by the policy.

The defendant moved to dismiss the complaint at the close

of the plaintiff's case and renewed the motion at the close of the entire case, and also at that time moved for the direction of a verdict for defendant. These motions should have been granted. There was no disputed question of fact to be submitted to the jury. Inasmuch, however, as the jury correctly answered the legal questions submitted to them by the court, the verdict should be reinstated.

The order should be reversed, with costs, and the verdict reinstated and judgment thereon entered in favor of the defendant, with costs.

CLARKE, P. J., DOWLING, MERRELL and FINCH, JJ., concur.

Order reversed, with costs, verdict reinstated, and judgment directed to be entered thereon in favor of defendant, with costs.