# LENA FLATH, Respondent, v. BANKERS CASUALTY COMPANY, a Corporation, Appellant.

(194 N. W. 739.)

**Insurance — burden on insurer to establish that injury was within exceptions of policy.**

1. In an action against an insurance company to recover on an accident policy, the burden is upon the company of establishing that an injury to the insured, shown to be the result of an accident, is within an exception contained in the policy, where payment is resisted on the ground that there is no liability by reason of such exception.

**Insurance — accident held within exceptions of policy exempting from liability injuries from violation of law.**

2. In an action to recover on an accident insurance policy which provides "No indemnity shall be allowed for any loss . . . resulting directly or indirectly . . . while insured is violating any law or ordinance," evidence examined, and *held* that the accident, on account of which the recovery is claimed, was the direct result and consequence of a violation of the laws of the United States and within the exception exempting from liability.

Opinion filed July 16, 1923.

Accident Insurance, 1 C. J. § 288 p. 497 n. 28; § 334 p. 505 n. 54 New.

Appeal from the District Court of Cass County, *Cole, J.*

Action to recover on a policy of accident insurance.

Judgment for plaintiff.

Defendant appeals.

Reversed.

*Young, Conmy & Young,* for appellant.

*Barnett & Richardson,* for respondent.

Note.—Authorities holding that in order to defeat a recovery under policies of insurance avoiding or limiting liability where death or injury results from the insured's criminal action, or in consequence of any violation of law, or from any unlawful act on his part, there must be some causative connection between the insured's act and his death or injury, are collated in a note in 17 A.L.R. 1005, on when violation of law deemed proximate cause of death or injury so as to preclude recovery under policy of life or accident insurance.

See also 14 R. C. L. 1254; 3 R. C. L. Supp. 369; 4 R. C. L. Supp. 953; 5 R. C. L. Supp. 805.

NUESSLE, J.   The defendant Bankers Casualty Company, a corporation, is engaged in the business of writing accident insurance. George A. Flath took out a policy in the company.   In his application for the insurance which became and was a part of the policy, he stated that his occupation was that of proprietor of an auto-accessory business and his duties were "counter duties and salesman—supervising only." This policy was in force on July 8th, 1920.   On the afternoon of that day Flath was injured in an automobile accident, and thereafter and on August 29th, 1920, he died as a result of the injuries so received.

At the time of the accident Flath and one Sydness were riding in an automobile on a public highway.   Sydness was driving.   The machine was running at a very high rate of speed; between 45 and 60 miles an hour.   The accident occurred on a straight road which was in good condition.   The automobile belonged to Flath.   It was loaded with a large quantity of whisky and other intoxicating liquor, in all some three hundred thirty-six quarts in bottles.   It was being driven at a high rate of speed so as to get into Fargo, something over one hundred miles distant, before morning.

Flath's policy provided, among other things:

"No indemnity shall be allowed for any loss . . . resulting directly or indirectly . . . while Insured is violating any law or ordinance; . . . nor from voluntary exposure to unnecessary danger . . ."

And also provided:

"This policy . . . contains the entire contract of insurance except as it may be modified by the company's classification of risks and premium rates in the event that the Insured is injured . . . after having changed his occupation to one classified by the company as more hazardous than that stated in the policy, or while he is doing any act or thing pertaining to any occupation so classified, except ordinary duties about his residence or while engaged in recreation, in which event the company will pay only such portion of the indemnities provided in the policy as the premium paid would have purchased at the rate but within the limit so fixed by the Company for such more hazardous occupation."

The plaintiff is the beneficiary under the terms of the policy.   Subsequent to the death of Flath, proper proofs of loss were made.   The

defendant denied liability. Thereafter this action was brought to recover on the policy. The defendant answered setting up as defenses; first, that the insured was engaged in a violation of law at the time of the accident; second, that the accident was due to voluntary exposure to unnecessary danger; third, that the insured was injured after having changed his occupation to one classified as more hazardous than that stated in the policy, and fourth, that the insured was injured while doing an act or thing pertaining to an occupation more hazardous than that stated in the policy. No tender back of the premium paid or any part thereof was made by the defendant company until the time of the trial.

A jury was waived and the action was tried to the court. Findings of fact and conclusions of law were made in favor of the plaintiff and judgment was entered for the plaintiff and against the defendant company. This appeal is from that judgment.

It is the appellant's contention that at the time of the accident the insured was engaged in the transportation of intoxicating liquor contrary to the laws of the United States and that the automobile was then running at a rate of speed greatly in excess of that permitted by the laws of the state of North Dakota; that is, that the insured at the time of the accident was violating both the federal and the state laws; that as a consequence of such violations the hazard was increased; that thereby the insured voluntarily exposed himself to unnecessary danger; that there was a causal connection and relation between the acts constituting the violation of law and the accident and that, therefore, the defendant is not liable by reason of that provision of the policy first hereinbefore set out. Appellant further contends that under the terms of the second provision of the policy hereinbefore set out, it is not liable for the reason that the insured had changed his occupation from that in which he was engaged at the time the policy was written to one more hazardous and that the insured was injured while doing an act or thing pertaining to an occupation more hazardous than that stated in the policy.

The respondent's position is that while the facts are as hereinbefore stated, nevertheless there is no direct proof that the insured was engaged in violating the laws of the United States at the time of the accident; that the burden is on the defendant to affirmatively establish

defenses exonerating it from liability under the exceptions in the policy; that while the insured may have been riding in an automobile which was carrying a large quantity of intoxicating liquor, it is merely a matter of inference that he was transporting the liquor illegally or that there was any violation of law; that if there was a violation of the Federal laws by reason of the transportation of the liquor and of the state law by reason of the car running at a speed in excess of the statutory limit, nevertheless there is no proof that the accident was caused by either of these violations and that even though the insured was violating the law at the time of the accident resulting in his injury and death, unless it be established affirmatively that such violation was the cause of the accident that the defendant is liable.

It appears to us certain that the insured was violating the Federal statutes at the time the accident occurred in that he was engaged in transporting liquor contrary to law; that the car was being driven at a very high rate of speed in order to enable the insured to reach Fargo with his contraband cargo during the nighttime; that this was for the purpose of enabling him to evade the officers of the law. It is very certain that the transportation of liquor contrary to law is an extremely dangerous business. Surely, no reasonable man can believe that one engaged in such an enterprise is not much more subject to danger of accident than one whose business is that of selling automobile accessories and whose duties are those of a salesman and of supervising the business. Surely, everyone must agree that the accident in this particular case occurred solely and only because the insured and his companion were driving recklessly and taking every chance in order to avoid the possibility of apprehension on account of their unlawful undertaking. The car was very heavily loaded. Its speed was very great. When it turned turtle that happened which reasonably might have been expected.

The rule is, as the respondent contends, that in a case such as this the burden is upon the insurer of establishing affirmatively that an injury to the insured, shown to be the result of an accident, is within some exception contained in the policy. 1 C. J. 497; 14 R. C. L. 1437; note in 9 Ann. Cas. 921; Hess v. Preferred Masonic Mut. Acci. Asso. 40 L.R.A. 444 and note, 112 Mich. 196, 70 N. W. 460; Stevens v. Continental Casualty Co. 12 N. D. 463, 97 N. W. 862; Red Men's Frater-

nal Acci. Asso. v. Rippey, 50 L.R.A.(N.S.) 1006 and note, 181 Ind. 454, 103 N. E. 345. But here the defendant has successfully sustained the burden.

There is no question but that there is much authority to the effect that under provisions in policies similar to the one here in question, the mere fact that the accident occurred while the insured was engaged in a violation of law does not exonerate the insurer, but to avoid liability he must further establish that the violation of law was the cause of or had some causal connection with the accident. 14 R. C. L. 1254; 1 C. J. 457, 497; Townsend v. Commercial Travelers Mut. Acci. Asso. 231 N. Y. 148, 17 L.R.A. 1001, 131 N. E. 871; Supreme Lodge, K. P. v. Crenshaw, 129 Ga. 195, 13 L.R.A.(N.S.) 258, 121 Am. St. Rep. 216, 58 S. E. 628, 12 Ann. Cas. 307; Interstate Life Assur. Co. v. Dalton, 23 L.R.A.(N.S.) 722, 91 C. C. A. 210, 165 Fed. 176. It appears to us that it is not necessary to the decision of this case for us to enlarge upon that rule. It is at least most generous to the insured and there are well-considered cases laying down a much broader and less restricted rule. Duran v. Standard Life & Acci. Ins. Co. 63 Vt. 437, 13 L.R.A. 637, 25 Am. St. Rep. 773, 22 Atl. 530; Travellers' Ins. Co. v. Seaver, 19 Wall. 531, 22 L. ed. 155. It is sufficient for the purposes of this case to say that in our judgment this case comes within the narrower rule; that the accident was a direct consequence and result of the violation of the law and that therefore there was no liability on the part of the defendant company on account of the accident and injury. Thus holding, as we do, it is unnecessary for us to consider or discuss the other questions raised by the defendant's answer, and we therefore express no opinion as to the same. The respondent urges that this being a case properly triable to a jury and the court having made its findings as to the facts that the same rule applies with reference to the court's findings as to the verdict of a jury in so far as affects their weight and consideration on appeal. It is true that unless it appears that the findings are clearly against the preponderance of the testimony, they must stand. They are presumed to be correct. Richards v. Northern P. R. Co. 42 N. D. 472, 173 N. W. 778; Stevens v. National Elevator Co. 36 N. D. 9, 161 N. W. 558; State Bank v. Maier, 34 N. D. 259, 158 N. W. 346 and cases cited. In this case, however, there is no conflicting testimony, and the court made no specific findings as to whether the

insured was engaged in a violation of the law at the time of the accident or as to whether or not, if he was so engaged, such violation was the cause of the accident. In any event we believe that the only reasonable conclusion that can be arrived at from the record is that which we have heretofore. expressed. Respondent further urges that under the authority of Yusko v. Middlewest F. Ins. Co. 39 N. D. 66, 166 N. W. 539, the defendant, not having tendered back the premium paid by the insured, is estopped to now deny liability. We think that the Yusko Case does not warrant this contention. There the property was destroyed, and there could be no further insurance against loss. There the defendant contended the policy was void but made no tender back of premiums paid. The defendant in this case denied liability on account of *this particular accident,* but so long as the insured lived he continued to be insured as against all risks covered by the policy. There was no attempt at any time to avoid the policy. If Flath desired to have the policy canceled, he should have made known his wish and demanded a return of the premium. There was no demand for payment on account of the policy until after the policy had expired. The insured died two days before that expiration. His estate might be entitled to a refund on account of those two days, but, even if so, we do not believe that under the circumstances and especially in view of the fact that at the time of the trial the defendant company tendered back a much greater sum than the premium for the two days would have amounted to, this can make the defendant liable.

. The judgment must be reversed and the action dismissed with costs to the appellant.

BRONSON, Ch. J., and BIRDZELL, JOHNSON, and CHRISTIANSON, JJ., concur.