## YATES v. INTERNATIONAL TRAVELERS' ASS'N. (No. 3668.)

Court of Civil Appeals of Texas. Texarkana. April 11, 1929.

Rehearing Denied April 18, 1929.

James A. Cooley, of Kaufman, and Thos. R. Bond, of Terrell, for appellant.

Wynne & Wynne, of Kaufman, and Seay, Seay, Malone & Lipscomb, of Dallas, for appellee.

LEVY, J. (after stating the case as above). Considered in its most favorable light to the appellant, the evidence is such from which a jury might find that the death of the insured was not due nor contributed to by physical infirmity. International Travelers' Ass'n v. Dixon (Tex. Civ. App.) 283 S. W. 681. There is evidence going to show that the insured was in good health, and the abscess he was suffering from was not of a serious nature, and his powers of resistance were

not lowered. The evidence suggests, and a jury might so find, that asphyxia was the adequate cause of the death. As proven, asphyxia was resultant from the method of administering nitrous oxid gas to the insured as an anesthetic preparatory to the lancing of an abscess around the tonsils. Nitrous oxid gas is ordinarily a concededly harmless gas when prudently administered and in proper proportions. As stated by the physician, "It is considered about the safest anesthetic we give." Such dire result as asphyxia is unusual, extraordinary and an unlooked-for mishap. In this case the evidence goes to show that such dire result was an unlooked-for mishap. According to the testimony of the physician, he carefully administered the anesthetic and skillfully operated the machine used for the purpose. He further said that "death has never occurred with one of my patients before in giving nitrous oxid." The two physicians testified affirmatively that "Fred Yates died from the lack of receiving sufficient oxygen" during the course of the administering of the anesthetic. There is room in the evidence for the inference that such "lack of receiving sufficient oxygen," or asphyxiation, was immediately due to some defective condition or impairment of the machine used in administering the gas. In describing the machine the physician testified that in case "the outlet valve where the gas goes from the mixing chamber should be clogged in some way, especially the nitrous oxid or the oxygen side either, it would interfere with the mixture. * * * Supposing that the machine doesn't give a large enough per cent of oxygen to mix with the nitrous oxid, it would produce asphyxia."

Death by asphyxiation, due to the impaired or defective condition of the machine, is a death by "accidental means." It was such an unlooked-for mishap as to come within the test applied by the courts. Bryant v. Casualty Co., 107 Tex. 582, 182 S. W. 673, L. R. A. 1916E, 945, Ann. Cas. 1918A, 517; United States Mut. Accident Ass'n v. Barry, 131 U. S. 100, 9 S. Ct. 755, 33 L. Ed. 60. The case is analogous to the cases of Townsend v. Commercial Travelers' Mut. Ass'n of America, 231 N. Y. 148, 131 N. E. 871, and Lewis v. Ocean Accident & Guarantee Corp., 224 N. Y. 18, 120 N. E. 56, 7 A. L. R. 1129. While the insured intended to have the gas administered to him, he intended to take it in proper proportions and through a properly functioning machine, and not otherwise.

It may not be said as a pure matter of law that the death of the insured was within the exception of the policy as to surgical or medical treatment for disease. There is evidence that physicians do not so regard it. Bonart v. Lee (Tex. Civ. App.) 46 S. W. 906; Beile v. Ass'n, 155 Mo. App. 629, 135 S. W. 497;

Frank v. South, 175 Ky. 416, 194 S. W. 375, Ann. Cas. 1918E, 682.

The judgment is reversed, and the cause is remanded for a new trial.