HENRIETTE ADLERBLUM and MEYER KURZ, as Executors, etc., of DAVID ADLERBLUM, Deceased, and ETHEL ADLERBLUM, Respondents, Appellants, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant, Respondent.

Present — Martin, P. J., Townley, Dore, Cohn and Callahan, JJ.; Martin, P. J., and Cohn, J., dissent; dissenting opinion by Cohn, J.

COHN, J. (dissenting). I dissent. The death of the insured did not result as a consequence of bodily injury effected solely through external, violent and accidental means, independently and exclusively of all other causes. A proper dose of novocaine was administered to the deceased in preparation for a tonsil operation and it was administered by an expert in the accepted manner without any incident or mishap. The death resulted from the effect of its administration on one who had a hypersensitivity to novocaine. There was nothing accidental in the means which caused the insured's death and plaintiffs, accordingly, are not entitled to recover on the first, second and third causes of action. (*Barnstead* v. *Commercial Travelers' Mut. Acc. Assn.*, 204 App. Div. 473; *Landress* v. *Phœnix Ins. Co.*, 291 U. S. 491.)

The order in so far as it grants plaintiffs' motion for summary judgment and the judgment entered thereon to the extent that it adjudges that plaintiffs recover of the defendant the sum of $21,591.50 should be reversed and the said motion denied. The order in so far as it denies defendant's motion for summary judgment and the judgment entered thereon should be reversed and defendant's motion granted in all respects.

Martin, P. J., concurs with Cohn, J.