Esther Escoe, Plaintiff, v. Metropolitan Life Insurance Company, Defendant.

Supreme Court, Special Term, New York County, May 7, 1942.

*Frederick E. Weinberg*, for the plaintiff.

*Tanner, Sillcocks & Friend*, for the defendant.

Steuer, J. By this action plaintiff, the beneficiary of a life insurance policy, seeks to recover the additional sums therein provided and usually called " double indemnity " for death as a consequence of accident not " the result or by the contribution directly or indirectly of disease." The facts show that the deceased was ill of pneumonia, he was given an injection of a drug called sulfapyridine, and that he died shortly after the injection. The affidavits establish without dispute that the immediate cause of death was that the deceased had an allergy to the drug used which made its injection fatal to him.

The phrasing of the clause in the policy makes its meaning quite clear. Under it the extra sum would be payable if the death were the result of an accident regardless of the fact that the deceased might have been suffering from a disease at the time of the accident, provided the disease did not contribute to the demise. The question for resolution here is whether disease was a cause or contributed to the death. Ordinarily where deceased is ill and the indicated therapy involves an element of risk and the outcome is fatal double indemnity is not recoverable. (*Pope* v. *Prudential Ins. Co. of America*, 29 F. [2d] 185.) This is not on the theory that the disease contributed to the death, but because the therapy, being undertaken with knowledge of the possible consequences, did not constitute an accident. (*Barnstead* v. *Commercial Travel-*

*ers' Mut. Acc. Assn.*, 204 App. Div. 473.) Where the risk involved (as in the case at bar) is the undeterminable presence of an allergy which is so rare as to be found in only one of 50,000 persons, it has been held that a fatal result is an accident. (*Adlerblum* v. *Metropolitan Life Ins. Co.*, 259 App. Div. 859; affd., 284 N. Y. 695.) When the reasoning is followed to its logical conclusion it is seen that the seriousness of the disease is not an important factor. The controlling element is the seriousness of the risk involved in the therapy. If, as here, the disease can be ruled out as the thing that killed the insured, it should make no difference that at some later date he might have died from its effects.

This reasoning compels a recalling of the former decision and granting summary judgment for the relief demanded in the complaint. Settle order.