571 P.2d 404

**Frances E. VALLEJOS, guardian of the person and next friend of Mark Anthony Lucero, a minor, Plaintiff-Appellant,**

v.

**COLONIAL LIFE & ACCIDENT INSURANCE COMPANY, Defendant-Appellee.**

**No. 11454.**

Supreme Court of New Mexico.

Nov. 7, 1977.

138

Charels A. Keeling, Jr., Albuquerque, for plaintiff-appellant.

Modrall, Sperling, Roehl, Harris & Sisk, Alan Konrad, James A. Parker, Albuquerque, for defendant-appellee.

## OPINION

PAYNE, Justice.

This suit was brought in behalf of Mark Anthony Lucero, a minor, to recover insurance benefits in the amount of $20,000 plus interest for the accidental death of his father, Joe Lucero. The trial court denied the plaintiff's claim and entered judgment for the defendant based upon stipulated facts.

The stipulated findings of fact are as follows:

1. The decedent Joe S. Lucero, intentionally and deliberately consumed heroin or morphine resulting in his death.

2. The resultant death was neither intentional nor deliberate by the insured and without the intent to commit suicide.

3. Such consumption of the heroin or morphine constituted the injury which resulted in the decedent's death.

4. The decedent's possession of the heroin or morphine was a felony in violation of N.M.S.A. Section 54–11–23(B)(5) (1975 Supp.).

5. The decedent was in such possession of the heroin or morphine at the time of the injury which resulted in his death.

The issue before the Court is the interpretation and application to be given two clauses contained in the insurance contract. The first clause relates to accidental injury and is stated as follows:

(T)he company * * * hereby insures the person named in the Schedule, hereinafter called the Insured . . . against loss resulting directly, independently and exclusively of all other causes from bodily injuries effected solely through external and accidental means during the term of this policy. . . .

The trial court followed the case of *Landress v. Phoenix Ins. Co.,* 291 U.S. 491, 54 S.Ct. 461, 78 L.Ed. 934 (1934) and ruled that

death caused by the intentional and deliberate consumption of narcotics could not be considered death by "accidental means" as set forth in the policy clause. Appellant argues that stipulated finding of fact No. 2 establishes that the death of Joe Lucero was not intentional or deliberate, and therefore was accidental.

In the *Landress* case the Court distinguished between "accidental means" and "accidental results." The Court held that it is not enough that the death or injury be "accidental" as understood by the average man, or that the result of a person's actions be unforeseeable. It interpreted the term "accidental means" to apply to the external cause of the injury. If the external cause was voluntarily effected by the individual then the injury could not be considered to be the result of "accidental means." In summary, an accidental result was not necessarily caused by "accidental means."

█ Justice Cardozo dissented and stated that the attempted distinction between accidental means and accidental results would only further confuse the law. Many states, including New Mexico, have since adopted Justice Cardozo's rationale. In *Scott v. New Empire Insurance Company,* 75 N.M. 81, 84, 400 P.2d 953, 955 (1965), it was stated that "[a]bsent any provision in the policy defining 'accidental means' as something different from that as understood by the general public, we follow the holding * * *, that words, phrases or terms will be given their ordinary meaning." We continue to follow the Cardozo approach. When a person dies from the injection or consumption of narcotics without the intention to injure himself or commit suicide, his death is to be considered an accident, or brought about by "accidental means." Insurance policies must more clearly define those injuries that are not intended to be covered.

█ The second clause of the contract which is at issue is the "violation-of-law" clause which states that, "The insurance under the policy shall not cover death or other loss caused or contributed to by . . injuries sustained while the Insured is committing an assault or felony."

The statutes in New Mexico are clear in establishing that illegal *possession* of heroin or morphine is a felony under the provisions of the Controlled Substances Act. Section 54–11–23(B)(5), N.M.S.A.1953 (Supp.1975). Plaintiff argues that the *use* of heroin, under the present statutory scheme, is not a felony and since the cause of Joe Lucero's death was the *use* of narcotics and not its *possession,* the violation-of-law clause would not preclude recovery. Thus, the issue before the Court is whether we will require a proximate cause relationship between the felony committed and the injury or death.

This issue has been addressed by many courts with varying results. *See; Lamar Life Insurance Company v. Bounds,* 200 Miss. 314, 25 So.2d 707, 166 A.L.R. 1115 (1947), *Jordan v. Logia Suprema De La Alianza Hispano-Americana,* 23 Ariz. 584, 206 P. 162, 24 A.L.R. 974 (1923), and *Townsend v. Commercial Travelers' Mutual Accident Association of America,* 231 N.Y. 148, 131 N.E. 871, 17 A.L.R. 1001 (1922). A strict interpretation of the violation-of-law clause could lead to inequitable results in situations where there is not the slightest causal connection between the felony that is being committed and an injury. We decline to adopt such a position and hold that there must be a reasonable causal connection between the felony committed and the resultant injury.

█ The findings of fact before us are limited. They established, however, that the decedent was a user of narcotics. They also established that he was illegally in possession of narcotics. We hold that the illegal possession of narcotics in this case was reasonably and causally connected to the death of the insured.

Although the trial court erred in its interpretation of the "accidental injury" clause, its decision is sustained by a correct application of the violation-of-law clause. We therefore affirm the result reached by the trial court.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, J., concur.