FRANCES M. McDONALD, Respondent, v. THE ORDER OF TRIPLE ALLIANCE, Appellant.

.St. Louis Court of Appeals, March 5, 1894.

Life Insurance: DEATH OF INSURED WHILE COMMITTING A FELONY. The liability of an insurance company under a policy of life insurance is not affected by the fact that the insured was killed while engaged in the commission of a felony, when the policy contains no provision in regard thereto, and is not shown to have been obtained in contemplation of the commission of the felony and of consequent danger to life.

---

---

*Appeal from the Howell Circuit Court.*—Hon. W. N. Evans, Judge.

AFFIRMED.

Nat C. Dryden for appellant.

James Orchard for respondent.

ROMBAUER, P. J.—The plaintiff, who is the widow of Noah McDonald, brings this action against the defendant, which is a benevolent insurance association, to recover one thousand dollars, which amount she claims is due to her upon a life policy issued by the defendant for her benefit on the life of Noah McDonald.

The answer states that Noah McDonald came to his death in an attempt to commit a felony, and hence the plaintiff can not recover. The cause was submitted to the court on an agreed statement of facts. The defendant admitted that the certificate of insurance was valid in all things, and that the plaintiff was entitled to recover unless her right of recovery is avoided by the following facts, which she admits to be true.

"That said Noah McDonald did not die a natural death, but, on the contrary, said Noah McDonald died of wounds received at the hands of one Spence, while said Spence was resisting an attempt of said Noah McDonald and others to feloniously murder and rob the said Spence, that is, that said wounds were received by said Noah while said Noah was attempting to commit a felony; and that said Noah McDonald died on the date alleged as the date of his death in the petition; and that said wounds were inflicted some two or three days before his death; and that said wounds were

received, and said death occurred in Howell county, Missouri.''

The court found for the plaintiff, and the defendant, appealing, assigns for error that on the agreed facts the judgment should have been for the defendant.

It will be thus seen that the only question presented for our consideration is whether, in a case where the policy contains no clauses of defeasance depending on the cause or manner of the death of the assured, the courts are bound to imply such a clause in the interest of good government. In *Amicable Society v. Boland*, 2 Dow and Clark, 1, which was decided in 1830, the assured was executed for a felony. The contract of insurance contained no exemption clauses, and the assignees of the policy brought their suit in equity to enforce the contract. The Master of the Rolls held that they were entitled to recover, but the judgment was reversed in the House of Lords, the chancellor holding, in effect, that to enforce such a contract *would afford encouragement to crime.* The case has not been overruled in England since. In fact the point has not again arisen for consideration, owing, probably, to the fact that all such contingencies are now provided for by express clauses in the policy.

In *Moore v. Woolsey*, 28 Eng. L. & Eq. 248, the policy provided that it should be void if the assured died by his own hands, except to the extent of any *bona fide* interest therein which a third person might have acquired. It was argued that this exception was an incentive to suicide, and hence was void; but Vice-Chancellor Wood overruled this argument with the observation, that such stipulation *may* promote evil by leading to suicide is too remote and improbable a contingency to be allowed to counterbalance the many obvious advantages which would result from holding the stipulation valid.

In *Fitch v. Ins. Co.*, 59 N. Y. 557, the policy contained no stipulation that it should be void in case of the death of the assured by suicide. The policy was taken out for the benefit of the wife and children of the assured, who committed suicide. The court held that the plaintiff could recover, and that the beneficiaries were not bound by any act of the assured after the policy was taken out, unless such acts were in violation of some condition of the policy. The same view was taken by the supreme court of Minnesota in *Mills v. Rebstock*, 29 Minn. 380.

The case of *Amicable Society v. Boland, supra,* as far as we are advised, is the only one which goes to the extent that the courts are bound to consider the *cause of death* in the interest of good government, irrespective of the question of fraud or of exemption clauses of the policy. The soundness of this view is expressly denied in *Spruill v. Ins. Co.*, 1 Jones (N. C.), 126, and is impliedly denied in *Harper's Adm'r v. Ins. Co.*, 19 Mo. 506. In the last cause the policy did contain a clause avoiding it, if the assured died "in the known violation of any law of this state." The assured was killed in a personal encounter wherein he was the aggressor, but his killing was unjustified. The court, in reversing a judgment for the defendant and ordering a judgment for the plaintiff, incidentally discussed the question of public policy outside of the express clause of exemption. In so doing Judge Scott said: "Whilst the law will not countenance contracts against its policy, it does not look for a support to itself in the stipulations of men. In life policies, the insurer has a guaranty against increasing the risk insured by that love of life which nature has implanted in every creature. In such policies, *unless it is otherwise stipulated*, the insurer takes the subject insured, with his flesh, blood and passions."

Had the case before us disclosed the fact that McDonald assured his life in contemplation of exposing it to danger in the commission of a felony, there would be reason for holding that the contract was void for fraud, and was one against public policy; but the mere fact that, after being thus assured, he accidentally exposed his life in the violation of the laws, can not affect the rights of the beneficiaries of the policy to recover thereon in absence of a clause to that effect in the policy.

All the judges concurring, the judgment is affirmed.