[Civil No. 1916.   Filed January 13, 1922.]

[203 Pac. 336.]

# J. H. SMITH and KEYSTONE COPPER MINING COMPANY, a Corporation, Appellants, v. SOUTHWEST LUMBER COMPANY, a Corporation, Appellee.

1. APPEAL AND ERROR—ERROR IN JUDGMENT SHOWN BY REPLEVIN ORDER AND RETURN, AND REPORTER'S TRANSCRIPT, IS REVISABLE.—Under Civil Code of 1913, paragraph 565, relative to the contents of the judgment-roll, paragraph 602, providing that documents, etc., shall constitute part of the record and that the oral testimony, etc., may be made a part of the record by filing a statement of facts, bill of exceptions, or transcript of the court reporter's notes, and paragraphs 1256 and 1257, relative to the portions of the record to be brought to the Supreme Court, where the record on appeal showed the order on replevin and return thereto, and the duly authenticated transcript of the reporter's notes from which it appeared that plaintiff had possession of the property, the error in a judgment for plaintiff for the value of the property could be revised.

2. REPLEVIN — PLAINTIFF IN POSSESSION NOT ENTITLED TO ELECT TO TAKE MONEY JUDGMENT.—Under Civil Code of 1913, paragraph 1616, where plaintiff at the time of the entry of final judgment in replevin had possession of the property by virtue of an order for taking under paragraph 1605, defendant having given no forthcoming bond, plaintiff was not entitled to elect to take judgment for the value of the property, but was only entitled to a judgment for possession.

3. REPLEVIN — PLAINTIFF'S UNAUTHORIZED ELECTION TO TAKE MONEY JUDGMENT DOES NOT VEST DEFENDANT WITH TITLE.—Under Civil Code of 1913, paragraph 1618, providing, relative to replevin, that an election by either party to take a money judgment vests title to the property in the other party, plaintiff's election to take a money judgment did not vest title in defendants, where plaintiff was in possession of the property and had no right to elect to take a money judgment.

4. REPLEVIN — ASSESSMENT OF VALUE OF PROPERTY WHEN PLAINTIFF IN POSSESSION HELD SURPLUSAGE AND NOT TO VITIATE THE VERDICT.—Where the jury found for plaintiff in replevin and plaintiff at the time had possession of the property, it was unnecessary for the jury to assess its value, and such assessment should be treated as surplusage not vitiating the verdict or preventing a proper judgment in favor of plaintiff for possession of the property.

APPEAL from a judgment of the Superior Court of the County of Cochise. Alfred C. Lockwood, Judge. Judgment reversed, with instructions.

Mr. J. T. Kingsbury, for Appellants.

Mr. O. Gibson, for Appellee.

FLANIGAN, J.—Appellee, as plaintiff, commenced this action against appellants, as defendants, to replevy certain mining machinery. The complaint was filed December 19, 1919, and prayed judgment for the recovery of possession of the property, or in case delivery thereof could not be had, alternative judgment for the alleged value thereof, with damages for its detention.

At the instance of plaintiff, and in accordance with the provisions of sections 1604 et seq., Civil Code, on replevin, an order was issued to the sheriff requiring him to take the property from the defendants and deliver it to the plaintiff. Thereafter and on January 23, 1920, the sheriff made and filed in the court below return of his proceedings under the order, to the effect that in accordance therewith he had on December 30, 1919, taken the property into his possession from the defendant Keystone Copper Mining Company, and that the defendants having omitted to require a return of said property, or to file any forthcoming bond for such recovery within the time allowed by law, he had delivered the property to the plaintiff, and exhibited the receipt of plaintiff's attorney to that effect, as a part of the return.

The issues made by the complaint and answer of the defendant thereto were tried before a jury, who, after the cause was submitted to them, and with a view to obtaining further instructions as to the matter of their verdict, returned into court, at which time the

judge by consent of counsel gave them such instructions, based upon the concession and agreement of counsel that the property was in plaintiff's possession, and the jury were told to assess the value of the property, whether their verdict should be for the plaintiff or defendants.   The verdict was returned May 13, 1920, and (omitting formal parts) reads:

"We, the jury, duly impaneled and sworn in the above-entitled action, upon our oaths do find for the plaintiff, and assess the value of said property at $1,587.50 and damages for its taking and detention at $———."

On May 29, 1920, on motion of plaintiff's counsel, judgment was rendered in favor of the plaintiff for the value of the property as assessed by the jury upon the election of plaintiff in open court "to receive in lieu of the property the value of the property as fixed by the jury in the verdict aforesaid."

The defendants, without moving for a new trial, have appealed directly from this judgment, and assign its rendition as error because plaintiff was not entitled to retain the property, and at the same time have judgment for its value.   Plaintiff, insisting on its right to the judgment, not questioning the existence of these facts, contends that as on this appeal from the judgment alone the order of replevin and return thereof have not been made a part of the record by being incorporated in a bill of exceptions, or statement of facts, we are not authorized to consider the assignment of error so made, because the error alleged is not shown by the judgment-roll, which under section 565 of the Civil Code consists in this case only of the complaint, answer, and copy of the judgment. This contention cannot be sustained.

By section 602, Civil Code, it is provided that "every document and other object filed in a case shall

constitute a part of the record thereof,'' and, further, that ''either party to a suit may make the oral testimony and proceedings in a case, together with such rulings, orders or other action of the court in the case, as do not appear otherwise of record, a part of the record in the case by filing therein either a statement of facts, a bill of exceptions, or a transcript of the court reporter's notes, as provided hereinafter.'' On any appeal the record consists of such papers or portions of the record in the court below as may be specified and deemed necessary by appellant to present the questions involved on such appeal, with such other papers or portions of such record as are specified and deemed necessary by appellee to the consideration of the appeal; or of such papers or portions of the record as may be stipulated upon between the parties (section 1256, Civ. Code); or may consist of a statement of the case and the proceedings therein, agreed to by the parties as sufficient and approved by the judge of the trial court (section 1257).

The facts of the case to which we have adverted appear from the record on appeal in this case, which includes the order on replevin and return thereto, and the duly authenticated transcript of the reporter's notes, and we hold, therefore, that on this appeal from the judgment we are required to revise the judgment for error apparent upon such record. We think that the very clear language of our statutes renders this conclusion a necessary one and that there is nothing in the cases heretofore decided by this court which— on the facts, at least—under present statutory provision conflicts with this holding.

Considering the record thus presented, it appears that notwithstanding the plaintiff at the time of the entry of final judgment had possession of the property sued for in the replevin suit, by virtue of an order for its taking made pursuant to section 1605, Civil

Code, it asked for and obtained a judgment on the verdict for the assessed value of such property in the sum of $1,587.50.

The provisions of our statute on replevin (*supra*) do not authorize the rendition of such judgment, for an election by the plaintiff to take either the property, or the value thereof, is only given when at the time of judgment for plaintiff the defendant is in possession of the property under a forthcoming bond given by defendant whereby he retained its possession (section 1616, Civ. Code), and no such bond was given here.

All that plaintiff was entitled to in the circumstances was to have the judgment for the possession of the property that it prayed for, and not a money judgment. It had no right of election, and it must necessarily follow that the title to the property in plaintiff's possession did not vest in the defendants as provided by section 1618, Civil Code, which effects that result only where a valid election is made by the plaintiff. As the judgment could not operate to vest defendants with title to the property, it must also follow that if the judgment is upheld the defendants will lose not only the property itself, but also stand obligated to pay the value thereof to plaintiff. And as it was unnecessary for the jury to have assessed the value of the property, such assessment should have been treated as surplusage, in nowise vitiating the verdict.

The substantial error is in the judgment itself, and such being the case we perceive no reason why a proper judgment should not be rendered based upon the proceedings had prior to its rendition, and our order will therefore be that the judgment be reversed and the cause remanded to the lower court, with instructions to enter such judgment for plaintiff; or, at its discretion, for good cause shown, not now apparent

to us on the record, to order a new trial of the cause, or to take other proceedings not inconsistent herewith.

ROSS, C. J., and McALISTER, J., concur.