[Civil No. 1955.   Filed April 22, 1922.]

[206 Pac. 162.]

J. F. JORDAN, as Administrator of the Estate of GUADALUPE P. de BUENABIDEZ, Deceased, Appellant, v. LOGIA SUPREMA DE LA ALIANZA HISPANO-AMERICANA, a Mutual Benefit Insurance Association, Appellee.

1. APPEAL AND ERROR — STIPULATION AS TO FACTS IS A "DOCUMENT" WHICH BECOMES PART OF THE RECORD.—A stipulation by the parties as to the facts is a document which constitutes a part of the record under Civil Code of 1913, paragraph 602, since a document is defined as a deed, agreement, title, paper, or other written instrument used to prove a fact, so that the case can be reviewed on its merits on appeal without any bill of exceptions or statement of facts, where the judge and clerk certified that the stipulation contained all the evidence.

2. PLEADING—ANSWER HELD AFTER TRIAL TO ALLEGE INSURED WAS KILLED WHILE VIOLATING THE LAW.—In an action on a fraternal benefit certificate, an answer, alleging that defendant was informed and believed that insured acquired habits hurtful to his health, in that he became engaged in an unlawful act, and suffered a wound at his own hands from which he afterwards died, though it would have been insufficient as against motion to make more definite and certain or on demurrer, will be treated after trial as stating the defense that insured was killed while engaged in unlawful act.

3. INSURANCE—ENGAGING IN SINGLE BURGLARY IS NOT HABIT HURT-
FUL TO HEALTH OF INSURED.—Within a provision that a fraternal
benefit certificate can be annulled for habits hurtful to health of
insured, the term "habit" means those having a harmful effect
upon the health of the insured, and even if burglary could be
considered as a habit, proof of a single act of burglary by in-
sured would not give it that effect.

4. INSURANCE — LIFE POLICY COVERS DEATH WHILE COMMITTING
FELONY IN ABSENCE OF EXCEPTION.—In the absence of any pro-
vision in the policy excepting the risk of death while engaged in
violation of the law, insurer is liable, though insured was killed
while committing a felony, if it does not appear that the policy
was obtained in contemplation of the commission of the crime.

5. INSURANCE—FELONY MUST BE CAUSE OF DEATH TO COME WITHIN
EXCEPTION IN LIFE INSURANCE POLICY.—Where a life insurance
policy excepted the risk of death while committing a felony,
there must be some causative connection between the act which
constituted the violation of the law and the death of the insured
to bring the case within the exception; the violation must be the
proximate or immediate, and not the remote cause of the death.

6. INSURANCE—ACCIDENTAL DEATH OF BURGLAR FROM HIS OWN PISTOL
WHILE ATTEMPTING TO ESCAPE IS NOT WITHIN THE EXCEPTION.—
Where insured committed the crime of burglary, and while at-
tempting to escape from the householder who had seized him was
killed by the accidental discharge of his own gun, the burglary
was not the cause of the death, so that an insurer of the burglar's
life would have been liable even if the policy had excepted death
while committing a felony.

7. INSURANCE—BY-LAWS OF FRATERNAL BENEFIT SOCIETY HELD NOT
TO AUTHORIZE ANNULMENT AFTER DEATH OF MEMBER.—Under the
by-laws of a fraternal benefit society authorizing the society to
annul a membership if the insured committed certain designated
acts, but which contemplated notice to the member and a trial,
the certificate cannot be annulled after the death of the member
for the act which resulted in his death.

APPEAL from a judgment of the Superior Court
of the County of Pinal. O. J. Baughn, Judge. Re-
versed.

5. Necessity that assured's death be reasonable and legitimate
consequence of violation of law, in order to relieve insurer, see
notes in 3 Ann. Cas. 873; 12 Ann. Cas. 310; Ann. Cas. 1917C, 592;
13 L. R. A. (N. S.) 258; L. R. A. 1917C, 199.

Mr. G. O. Nolan and Mr. Will E. Ryan, for Appellant.

Mr. A. A. Sedillo, Mr. Frank E. Curley and Mr. Ralph W. Bilby, for Appellee.

ROSS, C. J.—The defendant appellee is a mutual benefit association organized under the laws of the state of Arizona. Natividad Buenabidez, on or about the twelfth day of November, 1915, was accepted as a member of said association through subordinate lodge No. 26 of Sonora, Pinal county, Arizona. In the certificate of membership issued to him his wife, Guadalupe P. de Buenabidez, was named as his beneficiary. The complaint sets out the contract in full, and alleges that Natividad Buenabidez died on the twenty-fourth day of December, 1915, and that at the time he was in good standing, having paid all assessments and dues and complied with all rules, requirements, and regulations of the association. By the terms of the contract of insurance if the member died before the expiration of a year his beneficiary was to receive $600; if after one year, $1,200.

Defendant in its answer, and as a defense to the action, among other things, alleges:

"That said defendant is informed and believes that the said Natividad Buenabidez, did on or about the twenty-fourth day·of December, 1915, acquire habits hurtful to his health and by reason thereof did shorten the period of his life, to wit, that the said Buenabidez did become engaged in an unlawful act against the peace and dignity of the state of Arizona and suffered a wound at his own hands from which said wound he afterwards died."

It is further shown by the answer that the defendant's executive council had power to try a mem-

ber and annul his credentials when it should appear that such member had acquired habits hurtful to his health and shortening the period of his life, and that accordingly the executive council had in this case, upon being informed of the manner in which Buenabidez came to his death, annulled and canceled his membership. ·The case was tried before the court without a jury upon the pleadings and a stipulated statement of the facts signed by respective counsel and filed with the court.

The evidence stipulated into the record consisted of copies of the proceedings before the subordinate lodge at Sonora, detailing the manner in which Buenabidez came to his death; the action of the supreme lodge thereon; the verdict of the coroner's jury; a copy of the constitution and by-laws of the supreme lodge. The judgment was for the defendant. Before judgment was entered, however, the beneficiary, who instituted the suit, had died and J. F. Jordan, her personal representative, was substituted as plaintiff, and prosecuted this appeal.

The appellee, because of the condition of the record, objects to our passing upon the merits of the case. It is said that there is no bill of exceptions, statement of facts, or transcript of the testimony, as the law contemplates. The certified copy of the minutes shows that there was no oral testimony except that of a witness to identify the constitution and by-laws of appellee, which was ·filed as an exhibit in the case. The stipulation of the facts is not contained in a bill of exceptions or statement of facts, but in the record is found a certificate of the judge and the clerk of the court, that such stipulation contains all of the evidence in the case. Paragraph 602 of the Civil Code provides that—

·  "Every document and other object filed in a case shall constitute a part of the record thereof."

The stipulation of the facts was filed in the case, and under this statute became a part of the record on appeal. The word "documents" is defined by Bouvier as "the deeds, agreements, title, papers, letters, receipts, and other written instruments, used to prove a fact." In this case the stipulated documents objected to were used to prove the fact of death and the manner in which it occurred. *Smith* v. *Southwest Lumber Co., ante,* p. 271, 203 Pac. 336.

Treating the appellee's answer in its most favorable light, we think it can be gathered therefrom that the defense it intended to interpose was that Buenabidez was killed while violating some law or in the commission of some crime. No motion to make it more definite and certain was made, nor was any demurrer interposed. Either would have required the appellee to amend or suffer judgment. After trial, however, we will regard the answer as stating the defense indicated.

There is no exception in the contract of insurance exempting the appellee association from liability in case the insured suffered death while in the commission of an offense. The nearest provision to it, and the one appellee relies upon, is in this language:

"The executive council has full power to annul any credentials . . . when the member shall acquire habits hurtful to his health, thus shortening the period of his life. . . ."

It is obvious that this condition of the contract was not intended to cover a state of facts such as we have here. The "habits" on account of which the executive council could cancel the policy were evidently habits which in and of themselves have a deleterious effect upon the insured's health, tending to shorten his life. Burglary is an extremely hazardous business, and the burglar's life may fre-

quently be shortened, but not because of the crime so much as the accuracy and bravery of the man defending his property. One can hardly think of burglary as a habit, but, if one could, proof of one instance would not give it that character, any more than one swallow makes a spring.

In the absence of any provision in the policy excepting the risk of death, while engaged in the violation of the law, the insurer in the life policy is liable, though the insured was killed while committing a felony, if it does not appear that the policy was obtained in contemplation of the commission of the crime. *McDonald* v. *Order of Triple Alliance,* 57 Mo. App. 87; Cooley's Brief on the Law of Insurance, vol. 4, § 3142; 14 R. C. L. 1225, § 407. When this exception is written into the policy, and in most of them it is inserted, there must in all cases be some causative connection between the act which constituted the violation of law and the death of the insured. The violation of law must be the proximate or the immediate, not the remote, cause of the death. Cooley's Brief on the Law of Insurance, vol. 4, §§ 3149, 3150 et seq.

The evidence as to the manner in which Buenabidez came to his death shows that, after he had burglarized the residence of one Salin Karam, and was trying to escape, the latter caught hold of him, and in a scuffle that ensued, he was accidentally shot and killed; the shot being from his own revolver. He was not wounded while engaged in the commission of the crime of burglary, but after he had committed the crime. The cause of his injury was not the burglary, but the accidental discharge of the weapon after the commission of the crime. Where one is killed while attempting to escape or to avoid arrest after the commission of the crime it is not within the exception. *Griffin* v. *Western*

*Mut. Ben. Assn.,* 20 Neb. 620, 57 Am. Rep. 848, 31 N. W. 122; *Utter* v. *Travelers' Ins. Co.,* 65 Mich. 545, 8 Am. St. Rep. 913, 32 N. W. 812.

The appellee's answer that its executive council, upon learning of the manner in which Buenabidez came to his death, met and annulled and canceled his membership, will next be noticed. The right to do this, it is claimed, is found in its by-laws as follows:

"Art. 189. Any member of a subordinate lodge who violates the principles and laws of this society or any part thereof, or in the presenting of his application omits any material allegations, shall be tried and if found guilty shall be expelled and shall not be entitled to any benefits from said lodge or supreme lodge.

"Art. 190. A person who observes an immoral conduct which conflicts with the decorum that corresponds to the society and who violates the obligations, shall be tried, and if found guilty shall be expelled."

It will be seen that these provisions of the by-laws contemplate notice to the members and a trial. Nothing of the kind was had in this case, and in the nature of things could not have been had. Buenabidez at the time his certificate was attempted to be cancelled or annulled was dead. The general rule is that before a member of a mutual benefit society may be expelled and his certificate canceled charges must be filed against him, and he notified and given an opportunity to contest them. 19 R. C. L. 1241, § 49. If the member's offense be one that some by-law of the society penalizes, with forfeiture of his membership, the rule is different. In such case he is automatically suspended, and his certificate canceled. It is obvious that what the executive council did, could not affect the status of Buenabidez as a member of the defendant association at the time of

his death; and, since there was no provision in his contract of insurance automatically invalidating it on account of conduct such as he was guilty of, the appellee's liability was established, and the judgment should therefore have been for the plaintiff.

The judgment is reversed and the cause is remanded, with directions that judgment be entered for the plaintiff.

McALISTER and FLANIGAN, JJ., concur.