Day, J.
 

 An examination of the evidence discloses that the insured was found in an injured condition on the bathroom floor; that a rubber tube, which was attached to the bathtub faucet, was draped over the tub; that decedent’s son, upon finding his father, asked him “what the trouble was and he said he had been taking an enema and he felt something let loose, just like something burst in him.”
 

 It is undisputed that the sigmoid burst and that food and fecal material passed into the abdominal cavity.
 

 Under these facts, the single question presented is
 
 *553
 
 whether the insured died as a result of an injury effected solely through “accidental means” within the meaning of that phrase, as used in the double indemnity clause of decedent’s life insurance policy.
 

 It is not denied that decedent’s act of connecting the tube to the bathtub faucet and its use as a means by which to administer to himself an enema was intentional and not accidental. Plaintiff merely contends that there was an unexpected change in the “city water pressure” which “being out of his [decedent’s] control, rushed into his body with such force that it burst his sigmoid.”
 

 In other words, the position of plaintiff is that the unexpected change and increase in the “city water pressure” was the means by which the sigmoid was ruptured, and, since such change and increase in the water pressure was occasioned by a condition beyond decedent’s control, the means was therefore accidental and that, consequently, the death was occasioned by accidental means.
 

 Were this contention supported by the record, a different question would be before us. Examination of the record, however, discloses no testimony showing, or tending to show, that there was an unexpected change and increase in the water pressure, or that decedent did not exercise control over the flow of water which caused his injury. While the rupture of the sigmoid and the passing of food and fecal material into the abdominal cavity is evidence of the fact that the water pressure was much greater than decedent’s system could withstand, it is not evidence of decedent’s failure to exercise control over, or an unexpected increase in, the water pressure.
 

 It is true that the result produced was not that which was intended, and hence accidental. However, the fact that the result was accidental does not make the means, which produced such result, likewise accidental. See
 
 New Amsterdam Casualty Co.
 
 v.
 
 Johnson,
 
 
 *554
 

 Admx.,
 
 91 Ohio St., 155, 110 N. E., 475, L. R. A. 1916B, 1018.
 

 In the case of
 
 Rock
 
 v.
 
 Travelers’ Ins. Co. of Hartford, Conn.,
 
 172 Cal., 462, 156 P., 1029, the court said: “The policy, it will be observed, does not insure against accidental death or injuries, but against injuries effected by accidental means. A differentiation is made, therefore, between the result to the insured and the means which is the operative cause in producing this result.1 It is not enough that death or injury should be unexpected or unforeseen, but there must be some element of unexpectedness in the preceding act or occurrence which leads to the injury or death. Policies like the one before us have been before the courts in many cases, and the great weight of authority we think, sustains the view which we have just expressed. ’ ’
 

 In the case of
 
 Landress
 
 v.
 
 Phoenix Mutual Life Ins. Co.,
 
 291 U. S., 491, 78 L. Ed., 934, 54 S. Ct., 461, the Supreme Court of the United States had before it the interpretation of the same words that are involved in this case. The insured in that case suffered sun stroke while playing golf, and the question was presented whether this was an injury inflicted by accidental means.
 

 The court held in that case that while the result was accidental, the means was not. In the opinion of the case, on page 495, the following words appear:
 

 “Petitioner argues that the death, resulting from voluntary exposure to the sun’s rays under normal conditions, was accidental in the common or popular sense of the term and should therefore be held to be within the liability clauses of the policies. But: it is not enough, to establish liability under these clauses, that the death or injury was accidental in the understanding of the average man — that the result of the exposure ‘was something unforeseen, unsuspected, extraordinary, an unlooked for mishap, and so an accident,’ see
 
 Lewis
 
 v.
 
 Ocean Accident & G. Corp.,
 
 224
 
 *555
 
 N. Y., 18, 21, 120 N. E., 56; see also
 
 Aetna Life Ins. Co.
 
 v.
 
 Portland Gas & Coke Co.,
 
 229 F., 552—for here the carefully chosen words defining liability distinguish between the result and the external means which produces it. The insurance is not against an accidental result. The stipulated payments are to be made only if the bodily injury, though unforeseen, is effected by means which are external and accidental. The external means is stated to be the rays of the sun, to which the insured voluntarily exposed himself. Petitioner’s pleadings do not suggest that there was anything in the sun’s rays, the weather or other circumstances, external to the insured’s own body and operating to produce the unanticipated injury, which was unknown or unforeseen by the insured.”
 

 In
 
 New Amsterdam Casualty Co.
 
 v.
 
 Johnson, Admx., supra,
 
 the court announced in its syllabus that: “Where an insured holding an accident policy indemnifying him against bodily injuries which independently of all other causes are effected solely and exclusively by
 
 external, violent
 
 and
 
 accidental
 
 means, suffers an injury due to the dilation of the heart following the voluntary taking of a cold-water bath, it will not be considered as the result of an accident where under the circumstances attending the dilation, there is no evidence that anything occurred which the insured had not planned or anticipated, excepting the dilation and its consequences.”
 

 The facts in the instant case clearly show that the “means” which produced the injury and consequent death of decedent was voluntarily and intentionally employed and in the manner intended. Means which are thus employed cannot reasonably be said to be accidental.
 

 We hold that .where no unexpected, unforeseen or unusual happening intervenes, and an insured dies as the result of a ruptured sigmoid, caused by administering to himself an enema in the manner intended, by
 
 *556
 
 voluntarily connecting the rubber tube to the faucets in a bathtub, such death will not be deemed effected by accidental means within the intent and meaning of a life insurance policy, which agrees to pay double indemnity if the death of the insured “resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means.”
 

 Judgment reversed and final judgment for appellant.
 

 Weygandt, C. J., Zimmerman and Matthias, JJ., concur.
 

 Williams, Myers and Hart,
 
 JJ.,
 
 dissent.