Plaintiff's principal contention is that "having established a prima facie case of death by violent and accidental means, unrefuted by evidence showing death by any other cause, she was entitled to a directed verdict for the increased indemnity under the terms of the policy, or to judgment for the amount notwithstanding the verdict of the jury for the defendant."
In an action under a life insurance policy like the present one to recover an increased amount for death by accidental means, the weight of authority would appear to support the principles (1) that the burden rests upon the plaintiff to prove by a preponderance of the evidence that death was caused exclusively by external, violent and accidental means; (2) that upon a showing of death by external and violent means, the law raises a presumption that death was accidental and, upon such showing aided by the presumption, a prima facie case for plaintiff is made; and (3) that the presumption remains in the case until it is overcome by evidence to the contrary. Graham
v. New York Life Ins. Co., 182 Wn. 612, 619,47 P.2d 1029, 1032; 29 American Jurisprudence, 1082, Section 1443. Compare, Mitchell v. Industrial Commission, 135 Ohio St. 110,19 N.E.2d 769.
A presumption of this kind is a rebuttable one, disappearing upon the production of evidence disclosing the opposite.Prudential Ins. Co. v. Tidwell, 163 Okla. 39, 43,21 P.2d 28, 32. "And the amount of evidence required to overcome the presumption in a given case will, in general, depend on the good sense of the jury, subject, of course, to such instruction from the court as the case may require." Larimore v. Wells,Admr., 29 Ohio St. 13, 18. *Page 270 
As pleaded by the defendant and supported by some rather persuasive circumstantial evidence, which we think was properly admissible, a theory of the case was that the insured deliberately engaged in an undertaking which to his knowledge could be disastrous. Or as the defendant states the proposition in its brief, "it is our contention that the evidence shows that the insured, aside from the point of whether or not he intended to commit a criminal act, had at least embarked upon a voluntary course of conduct, the result of which he could or should have foreseen to be extremely dangerous to himself, and should or could have foreseen that death might ensue, and, that, therefore, when such result did obtain, no accidental means was present."
In our opinion a jury question arose as to whether the means or cause of the insured's death was accidental or whether it was the natural result of a voluntary and intentional course of conduct pursed by him. Clarkson v. Union Mutual Cas. Co.,201 Iowa 1249, 207 N.W. 132; Prudential Ins. Co. v. Tidwell,supra.
Plaintiff complains of the following instructions given before argument at the defendant's request:
"The court says to you as a matter of law that if the course of conduct voluntarily entered upon by John Hassay resulted in his death, and that death was reasonably foreseeable from that course of conduct, that his death did not result by accidental means within the terms of the policy, and your verdict must be for the defendant.
"The court says to you as a matter of law that the plaintiff is bound by the acts of her husband, and the policy, and even though she had no knowledge of any act he performed she is not entitled to recover unless you find by a preponderance of the evidence that his death was caused by accidental means. * * *
"The policy in question is not intended to cover all accidents. It does not cover accidental death alone. *Page 271 
There must be accidental means shown by the plaintiff which produced the death of John Hassay.
"If John Hassay voluntarily and intentionally employed the means which produced his death, then there can be no recovery under this policy.
"A means is not accidental within the terms of the policy sued upon which provides for indemnity if death results independently of all other causes from bodily injury effected through external violent and accidental means because some unexpected result followed in addition to that which was intended to be accomplished."
We find no prejudicial error in these charges, the established rule in Ohio being that where one of his own volition follows an intended course of conduct, culminating in injury or death, the result may be accidental but not the means. In other words, an effect which ensues as a consequence of a purposed act is not produced by accidental means. NewAmsterdam Casualty Co. v. Johnson, 91 Ohio St. 155,110 N.E. 475, L.R.A. 1916B, 1018; Mitchell v. New York Life Ins. Co.,136 Ohio St. 551, 27 N.E.2d 243; Burns v. Employers'Liability Assurance Corp., Ltd., 134 Ohio St. 222,16 N.E.2d 316, 117 A. L. R., 733.
Another error urged by plaintiff is that in the general charge the court erroneously instructed the jury that if it found by the greater weight of the evidence that the insured at the time of his death was engaged in the felonious act of arson, then its verdict should be for the defendant.
While there is a division of authority on the question of whether, in the absence of any provision in a life or accident policy excluding the risk while the insured is perpetrating a felony, recovery on the policy is precluded, we do not deem it necessary to decide that question now. The court's charge in the respect noted was not reversible error, because by its answer to one of the special interrogatories the jury *Page 272 
did not find the insured was committing arson when he met his death.
We are further of the view that the answers to the special interrogatories were not inconsistent and irreconcilable with the general verdict.
The judgment of the Court of Appeals is accordingly affirmed.
Judgment affirmed.
WEYGANDT, C.J., TURNER and MATTHIAS, JJ., concur.
WILLIAMS and HART, JJ., dissent.
BETTMAN, J., not participating.
WILLIAMS, J., dissents for the reason that there is prejudicial error in the charge of the court and therefore the judgment should be reversed and the cause remanded for a new trial.