Matthias, J.,
dissenting. The result in this case marks a departure to some extent from the decisions in the following cases: New Amsterdam Casualty Co. v. Johnson, 91 Ohio St., 155, 110 N. E., 475, L. R. A. 1916B, 1018; Mitchell v. New York Life Ins. Co., 136 Ohio St., 551, 27 N. E. (2d), 243; and Burns v. Employers’ Liability Assurance Corp., 134 Ohio St., 222, 16 N. E. (2d), 316, 117 A. L. R., 733.
The undisputed evidence in this case is that the insured was engaged in roofing a house on a hot afternoon ; that he had been engaged in the roofing business for some time; and that he carried a bundle of shingles to the roof and while moving it higher on the rooftop slumped over the bundle, dying shortly thereafter. Cause of death was given by the coroner as a combination of “heat exhaustion, coronary occlusion.” The autopsy performed some time after death disclosed cause of death to be a coronary occlusion. The jury in response to interrogatories found that the death of the decedent was not caused solely by coronary occlusion, but that the occlusion “contributed to the death of the decedent.”
The jury having found that coronary occlusion con *401 tributed to the death, it is my opinion that it was error to enter judgment on the verdict in view of the provisions of the policy that the decedent was insured “against loss of life, limb, sight or time, sustained or commencing while this policy is in force, resulting directly and independently of all other causes, from bodily injuries sustained while this policy is in force, through purely accidental means,” or bodily injuries which “independently and exclusively of disease and all other causes” results in loss of life.
The jury’s finding clearly showed that the death did not result independently and exclusively of disease and all other causes.
Stewart and Taft, JJ., concur in the foregoing dissenting opinion.