## DAVIS v. DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE.

1. INSURANCE—AUTOMOBILES—MEDICAL PAYMENTS—VIOLATION OF LAW—EXCEPTIONS.

   Insurer under automobile policy providing for medical payments for injuries to persons sustained while in the insured car was liable thereunder for injuries to insured's husband sustained while in flight from burglary he had committed and while the police were in hot pursuit, there being no exemption in the policy from such liability and no proof that the policy was obtained in contemplation of such violation of law.

2. SAME—AUTOMOBILES—CONSTRUCTION OF POLICY.

   The construction of an automobile insurance policy provision for medical payments for injuries sustained by persons while in the insured car as covering injuries sustained while fleeing from scene of crime committed by the injured person does not serve as an encouragement of crime nor is it contrary to public policy, since an insurer may insert a clause exempting itself from liability in such an instance.

3. NEW TRIAL—DAMAGES.

   New trial is granted, limited to a determination of amount of liability of defendant insurer for medical payments upon reversal of judgment for defendant in action for injuries to felon, husband of owner, received when he was being pursued by police.

DETHMERS, C. J., and EDWARDS, J., dissenting.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted January 13, 1959. (Docket No. 49, Calendar No. 47,810.) Decided June 6, 1959.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 5A Am Jur, Automobile Insurance § 104 et seq.
29 Am Jur, Insurance § 1011.

Case in common pleas court by C. Ruth Davis and Robert Davis against Detroit Automobile Inter-Insurance Exchange, on insurance policy, for payment of husband's medical expense for injuries sustained in flight after engaging in felony. Judgment for defendant. Plaintiff appealed to circuit court. Affirmed. Plaintiff appeals. Reversed and limited new trial granted.

*Dunbar Davis,* for plaintiffs.

*Erickson, Dyll, Marentay & Slocum* (*Forrest G. Shaw,* of counsel), for defendant.

KELLY, J. Appellants, appellee and this Court accept the trial court's statement of facts, as follows:

"Defendant issued its insurance policy to plaintiff, Mrs. C. Ruth Davis, providing for medical payments, with a $1,000 limit, for expenses incurred for necessary medical, dental, surgical, ambulance, hospital, nursing and funeral services for each person sustaining bodily injury or death caused by accident while the person was in the insured automobile.

"On the night of May 19–20, 1957, plaintiff Robert Davis, the husband of Mrs. Davis, took the automobile in question, and drove to Ann Arbor where he committed a burglary. While attempting to escape with the loot taken during the burglary and with the police in hot pursuit, he wrecked the automobile and suffered the injuries for which recovery is sought.

"Subsequently, on August 27, 1957, Davis was convicted in the Washtenaw county circuit court of the felony of breaking and entering.

"This matter came on in the common pleas court on a motion for a summary judgment, which the court granted in favor of the defendant. The matter is here on appeal.

"The issue before this Court is whether the law will permit Mrs. Davis to recover, under this policy,

expenses incurred treating injuries received by Davis while he was attempting to escape after the commission of a felony for which he was later convicted."

In affirming the common pleas court and rendering judgment in favor of defendant and appellee, the lower court stated: "In the instant case the activity of Davis was clearly felonious. To allow him to recover under this policy could serve as an encouragement to crime and would, in the opinion of the court, be contrary to public policy."

In *Bowman* v. *Preferred Risk Ins. Co.*, 348 Mich 531, this Court denied defendant insurance company's claim that it was not liable on its public liability coverage of plaintiff's use of the automobile because plaintiff moved a parked car on a grade in front of his house in order to park his car, without the owner's consent, thereby committing a criminal act which barred recovery on the ground of public policy.

In *Jordan* v. *Logia Suprema de la Alianza Hispano-Americana*, 23 Ariz 584 (206 P 162, 24 ALR 974), the Arizona court, in deciding whether recovery should be allowed on a policy of life insurance when insured was shot and killed in a scuffle while trying to escape after committing a burglary, stated (p 589):

"In the absence of any provision in the policy excepting the risk of death, while engaged in the violation of the law, the insurer in the life policy is liable, though the insured was killed while committing a felony, if it does not appear that the policy was obtained in contemplation of the commission of the crime. *McDonald* v. *Order of Triple Alliance*, 57 Mo App 87; 4 Cooley's Brief on the Law of Insurance (1st ed), p 3142; 14 RCL, Insurance, § 407, p 1225. When this exception is written into the policy, and in most of them it is inserted, there must

in all cases be some causative connection between the act which constituted the violation of law and the death of the insured. The violation of law must be the proximate or the immediate, not the remote, cause of the death. 4 Cooley's Brief on the Law of Insurance (1st ed), pp 3149, 3150 *et seq.*

"The evidence as to the manner in which Buenabidez came to his death shows that, after he had burglarized the residence of one Salin Karam, and was trying to escape, the latter caught hold of him, and in a scuffle that ensued, he was accidentally shot and killed; the shot being from his own revolver. He was not wounded while engaged in the commission of the crime of burglary, but after he had committed the crime. The cause of his injury was not the burglary, but the accidental discharge of the weapon after the commission of the crime. Where one is killed while attempting to escape or to avoid arrest after the commission of the crime it is not within the exception. *Griffin* v. *Western Mutual Benefit Assn.*, 20 Neb 620 (31 NW 122, 57 Am Rep 848); *Utter* v. *Travelers' Ins. Co.*, 65 Mich 545 (8 Am St Rep 913)."

In *Zurich General Accident & Liability Ins. Co.* v. *Flickinger* (CCA), 33 F2d 853 (68 ALR 161), the court allowed recovery on an accident policy for injuries sustained, during prohibition, from drinking a cocktail containing wood alcohol, and stated (pp 855, 856):

"In the second place, the policy contains no provision exempting the insurer from liability for injury sustained as the result of violation of law, as did the policy in the case of *Flannagan* v. *Provident Life & Accident Ins. Co.* (CCA), 22 F2d 136, 137. In the absence of such provision, we think it is clear that the insurer is liable, notwithstanding the insured may have been injured as a result of violating the law, if it does not appear that the policy was obtained in contemplation of such violation and the

danger consequent thereon. 6 Cooley's Briefs on Insurance (2d ed), p 5201 *et seq.;* 14 RCL, Insurance, § 407, pp 1225, 1226; *Jordan* v. *Logia Suprema de la Alianza Hispano-Americana,* 23 Ariz 584 (206 P 162, 24 ALR 974). The cases of *Burt* v. *Union Central Life Ins. Co.,* 187 US 362 (23 S Ct 139, 47 L ed 216), and *Northwestern Mutual Life Ins. Co.* v. *McCue,* 223 US 234 (32 S Ct 220, 56 L ed 419, 38 LRA NS 57), relied upon by defendant, are not in point. They hold that death inflicted as punishment for crime is not one of the risks insured against in a life policy; but they do not hold that death resulting from an ordinary violation of law is not covered. It is a violation of law for 2 men to engage in an affray; but would anyone contend that, in the absence of special provision in the policy, recovery could not be had for death resulting from such affray? It is a violation of law to drive an automobile at a greater rate of speed than prescribed by statute; but no one would contend, in the absence of special provision in the policy, that the beneficiary of one killed while speeding could not recover thereunder. To hold that death or injury from violation of law defeats recovery under a policy, in the absence of provision to that effect in the policy itself, would open up an avenue for evasion of liability which, so far as our investigation goes, no court has yet seen fit to open. If insurance companies desire to avoid liability on such ground, they should insert a clause in their policies to that effect."

The following is found in 6 Cooley's Briefs on Insurance (2d ed), p 5201:

"In the absence of any provision in the policy excepting such a risk, the insurer is liable, though the insured was killed while committing a felony, if it' does not appear that the policy was obtained in contemplation of the commission of a felony and the consequent danger. *Jordan* v. *Logia Suprema de la Alianza Hispano-Americana,* 23 Ariz 584 (206 P 162, 24 ALR 974); *McDonald* v. *Order of Triple*

*Alliance,* 57 Mo App 87. And see *Mutual Life Ins. Co.* v. *Guller,* 68 Ind App 544 (119 NE 173)."

The policy does not provide exemption for the insurer from liability for injuries sustained as the result of violation of law, and in the absence of such a provision, or proof that the policy was obtained in contemplation of such violation, plaintiffs are entitled to recover under the policy.

Such a construction does not, in the opinion of this Court, serve as an encouragement of crime or as contrary to public policy. See *Weeks* v. *New York Life Ins. Co.,* 128 SC 223 (122 SE 586, 35 ALR 1482).

Reversed and new trial limited to determination of amount for which defendant is liable. Costs to appellants.

CARR, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred with KELLY, J.

EDWARDS, J. *(dissenting).* The trial court was correct. Generally, one may not recover insurance for damages received as a direct result of his own criminal conduct while engaged in a crime of moral turpitude. 23 ALR2d 1105.

The policy in this case called for payment "to and for each person who sustains bodily injury." Hence, we do not deal with a beneficiary foreign to the crime.

The risks of injury while engaged in burglary and escape from hot pursuit therefrom are certainly beyond the normal contemplation of the contracting parties. If included in such contemplation, such insurance would be void on grounds of public policy. *Acme Insurance Co.*[*] v. *National Insurance Co.* (1948), 118 Colo 445 (195 P2d 728, 4 ALR2d 131).

---

[*] Acme Insurance Company, doing business as Motors Finance Company. Also reported as *Acme Finance Company.*—REPORTER.

Distinctions are, of course, frequently recognized between such criminal conduct and misdemeanors, driving offenses, or criminal conduct not *malum in se.* See *Pawlicki* v. *Hollenbeck,* 250 Mich 38; *Bowman* v. *Preferred Risk Ins. Co.,* 348 Mich 531.

*Bowman* v. *Preferred Risk Ins. Co.,* incidentally, is not in point for reversal. That case did not involve damages which were a direct result of commission of a crime of moral turpitude. In fact, we said therein (p 545):

"Also, on grounds of public policy, it has been frequently held that felons cannot recover insurance for injuries or damages proximately caused by their own intentional crimes. *Acme Insurance Co.* v. *National Insurance Co.* 118 Colo 445 (195 P2d 728, 4 ALR2d 131); annotation 23 ALR2d 1105."

The judgment should be affirmed. Costs to appellee.

Dethmers, C. J., concurred with Edwards, J.