## MITCHELL v NEW YORK LIFE INSURANCE CO

Ohio Appeals, 2nd Dist, Franklin Co

No 3002. Decided March 20, 1939

H. Lee Knowles, for plaintiff-appellee.
Arnold, Wright, Purpus & Harlor Columbus; Earl F. Morris, H. B. Arnold, Jr., Columbus, for defendant-appellant.

GUERNSEY, J, (3rd Dist.) sitting by designation.

## OPINION

By GUERNSEY, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Franklin County.

The plaintiff, Elnora M. Mitchell, is the beneficiary under a life insurance policy issued by the defendant, The New York Life Insurance Company, on the life of Ralph J. Mitchell, deceased.

The action is one to recover benefits under a double indemnity clause of said policy, the defendant having admitted its liability for the face amount or death benefits of the policy. The case was tried to a jury and at the conclusion of the evidence both plaintiff and defendant moved for a directed verdict, whereupon the jury was dismissed and the cause submitted to the court. The court found in favor of plaintiff and entered judgment accordingly, and the appeal is from this judgment.

The following facts appear in the case:

Early in the morning of November 30, 1937, Ralph J. Mitchell, the insured, arose and went to the bathroom in his residence for the purpose of giving himself an enema. Between one-thirty o'clock A. M. and two o'clock A. M. his son Gardner was awakened by his father calling. He went to the bathroom and found his father lying on the floor groaning in pain and in terrible distress. When he asked what the trouble was his father said "he had been taking an enema and he felt something let loose; just like something burst in him." The toilet was right beside the bath tub and the hose used in taking the enema was at-

tached to the bath tub faucet and had been laid over the edge of the tub against the stool. The son Gardner carried his father into his room and laid him on the bed, then called his mother who was sleeping downstairs. Mrs. Mitchell called Dr. Ross about two-thirty o'clock A. M. and on his advice sent her husband to St. Anthony's Hospital in the City of Columbus, in an ambulance. According to the testimony of Dr. Ross he first saw Ralph J. Mitchell at the hospital and then asked him what had happened and he (Mitchell) said "I was taking an enema and I lost control of the thing."

The question to which this reply was made by Dr. Ross was objected to by the defendant and the objection overruled; and immediately following the answer the defendant made a motion to strike out that part of the answer above quoted, which was also overruled. And according to the testimony of Phyllis Jane Mitchell, a daughter of the decedent, she saw her father at the hospital and he said he thought he was going to die and "he said when he went to turn the faucet on his hand slipped." The question to which this answer was given was objected to and the answer was given over the objection of the defendant.

When examined by Dr. Ross, Mr. Mitchell was in a severe state of shock and the doctor attempted to make intravenous injections of saline and glucose to bring up his blood pressure. The treatment was unsuccessful and the patient died about eight hours after being admitted to the hospital. An autopsy was later performed which revealed there was approximately a quart of blood-tinged food containing some fecal material in the abdominal cavity and that there was a fresh tear in the bowel approximately an inch and a half long at a point in the sigmoid near the rectum. The evidence further tends to show that the insured died as the result of said ruptured sigmoid caused by said self-administered enema, which was done by attaching the rubber tube to the water faucet in the bath tub in said bath room.

That the policy sued on was in full force and effect and that the plaintiff is the beneficiary thereof is admitted in the answer of the defendant, the only question raised by the pleadings being whether the death of the insured comes within the double indemnity clause contained in the policy.

The double indemnity clause referred to is as follows:

"The double indemnity provided on the first page hereof shall be payable upon receipt of due proof that the death of the insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means and occurred within ninety days after such injury."

The appellant assigns and argues in its brief, errors as follows, to-wit:

First. The trial court erred in admitting evidence offered by the plaintiff over the objection of the defendant.

Second. The trial court's finding and judgment is contrary to law.

Third. The trial court's finding and judgment is contrary to the weight of the evidence and not sustained by the evidence.

These assignments will be considered in the order mentioned.

1. The claimed error in the admission of evidence offered by the plaintiff over the objection of the defendant is limited in the brief to the admission of the evidence of Dr. Ross as to the statement made to him by the deceased after his arrival at the hospital, that "I was taking an enema and I lost control of the thing", and to the admission of the evidence of the daughter of the decedent made to her by the deceased after his arrival at the hospital to the effect that "He said when he went to turn the faucet on his hand slipped."

It is the contention of the plaintiff that the evidence mentioned was admissible, first as a dying declaration; second, as statements made by a patient to his physician relating to his condition and symptoms; and, third, as part of the res gestae.

The statement made to the ▮▮▮▮ physician was not admissible as a dying declaration for the reason that the statement did not incorporate any declaration of knowledge or conviction of impending death. Neither was the statement admissible as a statement given by a patient to his ▮▮▮▮ physician relating to his condition and his symptoms, as in this case the cause of the injury was an essential issue required to be proved, and the Supreme Court, in the case of Coupellier v Industrial Commission, 126 Oh St 546, 186 N. E. 400, expressly held that a physician will not be permitted to testify to declarations made by his patient as to the cause of the injury if such cause is an essential issue required to be proved. Neither was such evidence admissible on the theory that ▮▮▮▮ it was part of the res gestae. The general rule as to the requirements of res gestae is established by two decisions

of the Ohio Supreme Court, in **State v Lasecki, 90 Oh St 10,** and **Railroad Company v Kobach, 120 Oh St 532.** These cases hold that while the statement need not be exactly contemporaneous with the act, it must be close enough to be a necessary incident of the act. It must be a spontaneous exclamation, and can not be a mere narrative of the occurrence.

The statement in question was made by the deceased at the hospital, being a different environment from that in which the injury occurred, and an hour or more after the injury occurred, and was not a spontaneous exclamation but a mere narrative of the occurrence. The statement being made at a time and place remote from the injury and being a mere narrative of the occurrence and not a spontaneous exclamation, was, under the rules established by the cases mentioned, clearly inadmissible as a part of the res gestae. The court therefore erred in overruling the objection and motion of the defendant to the admission thereof.

With reference to the admission in evidence of the statement made to the daughter although the circumstances under which it was made might constitute the statement a dying declaration, it has been uniformly held by all the courts that dying declarations of the character mentioned are not admissible in evidence in civil cases. This being a civil action the statement was not admissible as a dying declaration. It was not a statement made by the patient to his physician relating to his condition and his symptoms, and consequently was not admissible on that theory and for the reasons mentioned in connection with the discussion of the admissibility of the evidence of Dr. Ross as to the statement made to him by decedent, was not admissible as part of the res gestae. The court therefore erred in not sustaining the objections of the defendant to the admission of the evidence of the daughter as to the statement made to her by her father, above referred to.

The error in the admission of this evidence, however, does not necessarily require the reversal of the judgment.

In 3 American Jurisprudence at page 505, the rule is stated

"In equity cases and in an action tried before the court without a jury, the judgment will not be reversed on appeal because of the admission of incompetent evidence on the trial, unless the record shows affirm-atively that the action of the trial court was influenced by such evidence. The presumption, in such a case, is that the incompetent evidence was finally disregarded by the court, and the trial judge considered only the competent evidence adduced, in the absence of anything in the record that shows affirmatively that the action of the trial court was influenced by the incompetent evidence."

And in Corpus Juris Secundum, Volume 5, page 405, 406 and 407, the applicable rule is stated as follows:

"In general it will be presumed on appeal, where a case is tried by the court without a jury, that the court considered only proper competent evidence in making its findings and did not consider other evidence which had been admitted erroneously and it will be presumed that such evidence was disregarded. * * * "

There is nothing in the record that shows affirmatively that the action of the trial court in rendering the judgment it rendered was influenced by the incompetent evidence above referred to. On the contrary, it appears from the opinion of the court, which although not a part of the record, was filed in the case, that such incompetent evidence was not considered by the court and its conclusion was not influenced thereby. Consequently if there is competent substantial evidence to support the judgment the admission of the incompetent evidence mentioned will not require the reversal of the judgment.

2. In support of the assignment of error that the trial court's finding and judgment is contrary to law the appellant contends that as under the double indemnity clause mentioned, the indemnity provided is required to be paid only in the event that the death of the insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means, in order to warrant a recovery by the plaintiff in the action there must be evidence tending to prove the existence of each and all of the conditions mentioned.

The appellant concedes that there is evidence tending to prove that the bodily injury of the insured was effected solely through external and violent means and that the result was accidental, but the appellant contends that there is no evidence that the cause or means was accidental.

In this contention it relies on the case of **The New Amsterdam Casualty Company v**

Johnson. Admrx., 91 Oh St 155, in which the Supreme Court, in construing a provision of an insurance policy similar to the above provision, held that in order to warrant a recovery by a beneficiary under such provision the event preceding the injury and which was the proximate cause of the injury must be in the nature of an accident; that the unexpected or unusual result of an act not an accident in itself does not render it (the act) an accident or the consequent injury one happening from accidental means; in other words the cause determines the result.

· We will therefore consider the facts in evidence in the light of the holding mentioned, excluding from consideration the evidence which we have held to have been erroneously admitted.

It is a matter of common knowledge of which the court will take judicial notice, that the self-administration ▮▮▮▮▮▮ of an enema is a simple operation not inherently dangerous, and that where a person administers an enema to himself the supply of the fluid used in administering such enema is ordinarily controlled by the person administering the same by manual operation of a valve through which the flow of water from outside of the body to the inside of the body may be increased or diminished or by manual pressure on or manipulation of the tube or hose through which such enema is being administered, so as to avoid undue pressure on the bowel and consequent injury.

The decedent in the instant case intended to take an enema and it may be inferred that he intended to ▮▮▮▮▮▮ take it in the ordinary way, that is, by exercising control over the flow of the water either through manual operation of the valve on the faucet to which the hose was attached, or by manipulation of the hose, or both, so as to avoid undue pressure on the bowel and consequent injury. The presence of approximately a quart of blood tinged food and fecal matter in the bowel capacity and the tear an inch and a half long in the bowel, disclosed in the autopsy tends to prove that such control was not exercised. Such non-exercise of control not being ordinarily present in the taking of an enema it may be inferred the same was not contemplated in the intention of the decedent to take an enema, and not being contemplated in decedent's intention and being unusual was accidental, and was the accidental means causing decedent's bodily injuries resulting in his death. This conclusion is also supported by the presumption against intentional self-inflicted injury.

The evidence therefore tends to prove the accidental means within the meaning of said double indemnity clause.

This case is distinguishable from the case of The New Amsterdam Causualty Company v Johnson, in that in that case the insured did nothing but that which he intended to do and planned for and deliberately entered on the project which so far as appears was carried out precisely as intended, while in the instant case the presumed intention of the decedent did not contemplate the non-exercise of control of him over the flow of water which caused the injury.

The evidence in the case, excluding the testimony hereinbefore referred to, and the inferences deducible therefrom are sufficient to sustain the finding of the court and the same is not contrary to law.

· 3. We further find that the court's finding and judgment are not against the weight of the evidence.

For the reasons mentioned, the judgment will be affirmed at costs of appellant.

HORNBECK, PJ & BARNES, J, concur.